WILLIAM A. HARDTEN AND JULIA ANNIE HARDTEN v. THE STATE OF KANSAS.

1. PROHIBITORY LIQUOR LAW — *Valid Section.*  Section 18 of the prohibitory liquor law of 1881 is not unconstitutional, or void.

2. THE STATE—*Lien for Fine and Costs.*  Where a wife owns certain real estate and makes her husband her general agent for the management and control of the same and for leasing the same, and with full knowledge he leases it for the purpose that intoxicating liquors may be sold and bartered on the premises contrary to the prohibitory liquor law of 1881, and such liquors are so sold and bartered, and the person who sells and barters the same is afterward prosecuted therefor in a criminal action, and is found guilty and sentenced to pay a fine and the costs of the prosecution, *held,* that the state has a lien upon such leased premises for the payment of such fine and costs.

3. NOTICE TO AGENT, *Binds Principal.*  And this notwithstanding the fact that the wife may not have had any actual personal notice or knowledge of the use that was to be made or was made of the premises; for as her duly-authorized agent had such notice and knowledge it must be held that she had constructive notice and knowledge, and that she is bound by her agent's knowledge.

4. THE STATE—*Action to Enforce Lien.*  And in such a case, the state may commence an action against the owner of the premises to enforce such lien without first exhausting any remedy which it may have against the party who sold and bartered the intoxicating liquors contrary to law.

*Error from Pottawatomie District Court.*

CIVIL action brought by the county attorney of Pottawatomie county, in the name of *The State of Kansas,* against *William A. Hardten* and wife, to enforce an alleged lien on certain

real estate.    Trial by the court at the April Term, 1884, when the court found that the plaintiff has and is entitled to its lien for the sum of $195.30 on the premises described in the petition, and that said lien ought to be enforced.    The court adjudged that—

"The plaintiff has its said lien, and that the same be enforced as prayed in the petition; that the said lot 9, in block 17, in the city of St. Marys, in Pottawatomie county, state of Kansas, be appraised and sold as upon execution by the sheriff of said county, and that the proceeds be applied to the payment, first, of the costs in this action, and second, to the payment of the said sum of $195.30, the amount of the said lien, and that the clerk of this court issue an order of sale thereof."

This judgment defendants bring here for review.    The opinion states the material facts.

Case & Curtis, and D. V. Sprague, for appellants.

R. S. Hick, county attorney, for The State.

The opinion of the court was delivered by

VALENTINE, J.: This was a civil action brought by the county attorney of Pottawatomie county, in the name of the state of Kansas against William A. Hardten and Julia Annie Hardten, to enforce an alleged lien upon certain real estate. The alleged lien is claimed to have arisen as follows: Julia Annie Hardten owned the real estate upon which it is claimed the lien exists.    William A. Hardten is, and was during the occurrence of all the transactions hereafter mentioned, her husband and her duly-authorized agent for the management and control of said real estate, and for leasing the same.    He leased the same to Joel Oldham for the purpose that intoxicating liquors might be sold and bartered thereon contrary to the prohibitory liquor law of 1881, and afterward such liquors were in fact so sold and bartered by Oldham on the premises. Afterward, Oldham was prosecuted therefor in a criminal action, and was found guilty and sentenced to pay a fine of $100, and to pay the costs of the prosecution, amounting to $95.30 —total, $195.30.    Hardten, as before stated, had full knowl-

edge of the purpose for which the premises were leased and used, but his wife, Mrs. Hardten, "had no actual, personal notice or knowledge of the use that was to be made by said Oldham of said premises." The statute under which this action was brought and prosecuted, reads as follows:

"SEC. 18. All fines and costs assessed against any person or persons, for any violation of this act, shall be a lien upon the real estate of such person or persons until paid; and in case any person or persons shall let or lease any building or premises, and shall knowingly suffer the same to be used and occupied for the sale of intoxicating liquor contrary to the provisions of this act, the premises so leased and occupied shall be subject to a lien for, and may be sold to pay all fines and costs assessed against any such occupant for any violation of this act; and such liens may be enforced by civil action in any court having jurisdiction: *Provided*, That the person against whom such fines and costs are assessed shall be committed to the jail of the county until such fines and costs are paid." (Laws of 1881, ch. 128, § 18.)

The plaintiffs in error, defendants below, claim that this statute is unconstitutional and void, for the reason that it contravenes § 16, article 2 of the constitution; but we perceive no good reason for holding it unconstitutional or void. We think it is valid.

The plaintiffs in error, defendants below, also claim that this statute does not apply to Mrs. Hardten, because she "had no actual personal notice or knowledge of the use that was to be made, or was made, by said Oldham of said premises." She however had constructive notice of the use that was to be made, and was made, of the premises, for her husband, her duly-authorized agent, had such knowledge, and she is bound to know what he knew with regard to the matter. (*Greer v. Higgins*, 8 Kas. 519, 522; *Ayres v. Probasco*, 14 id. 175, 186; *Nicklisson v. Holman*, 17 id. 22; *Suit v. Woodhall*, 113 Mass. 391; *The Distilled Spirits*, 78 U. S. 356; *Rogers v. Palmer*, 102 id. 263; Dunlap's Paley's Agency, 262; Story on Agency, § 140; Wharton's Agency, § 177.)

It must be remembered that this is a civil action and not a criminal action, and the object of the statute is not so much

to inflict a punishment upon the person who encourages the violation of law by renting his or her property for the purpose that the law may be violated, as it is to provide an indemnity to the state for the fines and costs which may accrue to the state by reason of the anticipated and intended violation of law. The fines and costs are not imposed upon the owner of the premises, but are imposed upon the person who violates the law, and the owner of the premises is simply made a surety for their payment. It must also be remembered that Hardten was not a mere special agent for some particular purpose, but was his wife's general agent for the entire management and control of her real estate, and for leasing the same; and for that reason she is bound by all his acts and knowledge while acting within the general scope of his authority. Any other rule would virtually nullify the statute. If a want of actual knowledge would release the owner of the premises from liability, he or she could always find some agent to transact his or her business, and thereby avoid the statute. Of course the owner of the premises, not having actual knowledge, cannot be criminally responsible; but he or she is civilly responsible. Mr. Paley in his work on Agency, uses the following language:

"If an agent come to the knowledge of a fact while he is concerned for the principal, this operates as constructive notice to the principal himself, for, upon general principles of policy, it must be taken for granted that the principal knows whatever the agent knows. There is no difference between personal and constructive notice, except as to guilt; for if there were, it would produce great inconvenience, and notice would be avoided in every case by employing an agent. This principle is adopted equally in law and in equity." (Dunlap's Paley's Agency, ch. 3, part 2, § 2.)

We think that knowledge on the part of the agent binds the principal in a case like the present.

The plaintiffs in error, defendants below, also claim "that before the state can recover as against the lessor of the premises, it must exhaust its remedy against the convicted seller, Oldham, and that the petition must disclose that fact."

We think that the present remedy, and any other remedy which the state may have against the "convicted seller" are concurrent, and the state may resort to one or the other as it chooses, or to all at the same time.

The judgment of the court below will be affirmed.

All the Justices concurring.