THE STATE OF KANSAS v. LOUISA R. PFEFFERLE, *et al.*

LIEN FOR FINES; *Limitation of Action.* A civil action brought by a county attorney in the name of the state under the provisions of § 18, ch. 128, Laws of 1881, to enforce a lien for fines and costs upon real estate against the owner of premises, who has knowingly suffered a person to sell liquor thereon in violation of law, comes within subdivision 2 of § 18 of the code, being an action upon a liability created by statute, and is not barred by the fourth subdivision of said § 18.

*Error from Lyon District Court.*

AN information was filed in the district court of Lyon county, on August 6, 1883, alleging in the third count thereof that one Lewis Macke unlawfully sold intoxicating liquors, on August 5, 1883, in a certain building on lot 130 on Commercial street, in the city of Emporia. Macke was tried and convicted on said third count, at the September Term of the court for 1883, and fined $250 and costs, taxed at $103.25, no part of which has ever been paid. He was also sentenced to stand committed in the county jail of Lyon county until the fine and costs were paid in full. On February 27, 1885, the state of Kansas filed its petition setting forth the foregoing facts, and averring that *Louisa R. Pfefferle* and *O. Pfefferle*, who owned the premises where the intoxicating liquors were sold, knowingly suffered and permitted Lewis Macke to sell liquor thereat in violation of law. The prayer of the petition was as follows:

"Wherefore, plaintiff prays that its said judgment and lien against said lot No. 130 on Commercial street, in said city of Emporia, Lyon county, Kansas, for said sum of $353.25 and interest thereon at the rate of 7 per cent. per annum from October 1, 1883, be adjudged to be a lien on said lot, and be foreclosed and enforced; and that said lot be sold to pay and satisfy the said sum and interest thereon, together with the costs of this action, for which said costs plaintiff prays judgment, and for all further proper and equitable relief."

On March 25, 1885, the defendants filed their demurrer as follows, omitting court and title:

"Come now the defendants aboved named and demur to the

petition of the plaintiff, upon the ground and for the reason that said petition does not state facts sufficient to constitute a cause of action in favor of said plaintiff and against the defendants."

At the March Term of the court for 1885 the cause came on for hearing upon the demurrer, which was by the court sustained, plaintiff excepting. The plaintiff electing to stand upon its petition, the court dismissed the action, to which ruling and judgment the plaintiff also excepted, and brings the case here.

*J. W. Feighan,* county attorney, and *J. Jay Buck,* for plaintiff in error.

*Kellogg & Sedgwick,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The first question presented is, whether the action was barred by the statute of limitations at the time it was commenced. The fine and costs were adjudged against Macke on October 1, 1883, and the petition was filed to enforce the payment of the fine and costs against the property of the defendants on February 27, 1885, more than a year after the judgment rendered against Macke. It is said the district court held that the action was barred by the 4th subdivision of § 18 of the code, which reads as follows:

"Within one year: an action for libel, slander, assault, battery, malicious prosecution, or false imprisonment; an action upon a statute for a penalty or forfeiture, except where the statute imposing it prescribes a different limitation."

On the part of the plaintiff, it is contended that the action comes within either the 2d or 6th subdivision of § 18. They are:

2d. "Within three years: an action upon contract, not in writing, express or implied; an action upon a liability created by statute, other than a forfeiture or penalty."

6th. "An action for relief, not hereinbefore provided for, can only be brought within five years after the cause of action shall have accrued."

We do not think the action is one for a penalty or forfeiture. It is in fact upon a liability created by statute, and therefore within the terms of subdivision 2. The action is to enforce a lien for the fine and costs which have accrued to the state. "The fine and costs are not imposed upon the owner of the premises, but are imposed upon the person who violates the law, and the owner of the premises is simply made a surety for their payment." (*Hardten v. The State,* 32 Kas. 637.)

It is insisted, however, on the part of the defendants, that the petition is fatally defective upon its face because it does not show that Macke was actually committed to the jail of the county. It is doubtful whether this question is in the case. The petition recites that the district court found Macke guilty upon the verdict rendered by the jury, and sentenced him to pay a fine of $250, and all of the costs of the prosecution, taxed at $103.25, "and that he stand committed to the county jail of Lyon county until the fine and costs are paid in full." The petition further recites that the judgment and sentence against Macke have "neither been paid, appealed from, modified, satisfied, nor reversed." We may therefore presume that the sentence was carried into effect, and that the defendant was actually committed to the jail of Lyon county. If this were not the case, we are not satisfied with the interpretation given to the proviso of said § 18, by the counsel of defendants. We think said proviso is to be construed in harmony with the entire section, and that it was the purpose of the legislature in adding the proviso to the section to prevent thereby the person who violates the law from being relieved or discharged from commitment on account of the fine and costs being made a lien upon the real estate of the person knowingly suffering and permitting him to sell liquor thereon in violation of law.

It must be apparent upon a careful consideration that this view is the proper one, otherwise the lien for the fine and costs upon the real estate would be postponed until a future and indefinite date. The action to enforce the lien may be commenced any time after the judgment, but within the time prescribed in said subdivision 2. (*Hardten v. The State,* supra.)

The order and judgment of the district court will be reversed, and the cause remanded.

All the Justices concurring.