THE STATE OF KANSAS v. CHARLES SNYDER, *et al.*

1. PROHIBITORY LIQUOR LAW; *Lien for Fines.* The section of the pro-
   hibitory liquor law which provides that the judgment for fine and costs
   for a violation of that law shall be a lien upon the premises where the
   intoxicating liquors were unlawfully sold, is not in conflict with § 16 of
   article 2 of the state constitution. (*Hardten v. The State*, 32 Kas. 637.)

2. ———— *Statute, Valid.* Nor does the statute violate that clause of § 12
   of the bill of rights which provides that "no conviction in the state
   shall work a corruption of blood or forfeiture of estate."

### *Error from Washington District Court.*

ACTION by *The State* to enforce the lien created by § 18 of
the prohibitory liquor law. Trial at the November Term,
1884, and judgment for the defendants, Snyder and five others,
for costs. *The State* brings the case here. The facts appear
in the opinion.

*Charles Smith*, county attorney, and *J. G. Lowe*, for plain-
tiff in error.

*A. S. Wilson, A. M. Hallowell, D. S. Lowe*, and *Birch &
Fisher*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action brought by the county
attorney of Washington county, in the name of the state of
Kansas, to enforce the lien created by § 18 of the prohibitory
liquor law. From the petition, it appears that one George E.
Ross was convicted of violating that law, and sentenced to
pay a fine of $800 and the costs of prosecution, and to stand
committed until such fine and costs were paid. The fine and
costs were not paid, and the plaintiff brought the action to en-
force the lien against the premises upon which the intoxicating
liquors were unlawfully sold, alleging that the owner of the
premises, who had leased the same to Ross, had full knowledge
that the premises were being used for such unlawful purpose,
and that he leased them to be used and knowing that they
would be used for such purpose. The · defendants joined

issue with the plaintiff, and at the November term, 1884, the case was called for trial. The plaintiff produced its witnesses, and offered testimony to sustain the issues upon its part, but the defendants objected to the introduction of any evidence, on the ground that the plaintiff's petition did not state facts sufficient to constitute a cause of action, claiming that the statute under which the action was brought was unconstitutional and void. One ground of invalidity asserted against the statute, and the one upon which the court below appears to have rested its decision, is that it violates § 16 of article 2 of the state constitution. This question was presented to the court in the case of *Hardten v. The State*, 32 Kas. 637, and after due consideration the validity of the statute was upheld. We see no reason to disturb that decision.

1. Lien for fines.

Another objection urged against the statute under which the action was brought is, that it contravenes § 12 of the bill of rights, where it is provided that no conviction shall work a forfeiture of estate. This objection is without force. It has already been determined by this court that the liability created by this statute is not in the nature of a forfeiture. (*The State v. Pfefferle*, 33 Kas. 718.) "The fine and costs are not imposed upon the owner of the premises, but are imposed upon the person who violates the law; and the owner of the premises is simply made a surety for their payment." (*Hardten v. The State*, supra.)

2. Valid statute.

A final objection to the statute is, that it conflicts with that provision of the constitution providing that a homestead cannot be alienated without the joint consent of husband and wife. This question, however, is not in the record, and cannot be determined in this case. It is not stated in the petition, nor does it appear from any source, that the premises against which the lien is sought to be enforced have ever been occupied as a homestead by any of the defendants.

The court erred in excluding the evidence offered, and the judgment must therefore be reversed, and the cause remanded for a new trial.

All the Justices concurring.