LOUISA R. PFEFFERLE v. THE STATE OF KANSAS.

1. PROHIBITORY LAW — *Enforcement of Lien for Fine and Costs — Judgment, When Not Corrected.* In a civil action to enforce the fine and costs as a lien upon real estate of the owner, for the sale of intoxicating liquors in violation of the prohibitory act, under the provisions of § 18, chapter 128, Laws of 1881, which were assessed against a person using the same, the fine and costs embraced in the judgment in the criminal action are *prima facie* the amount of the lien; and the original judgment for costs cannot be changed or corrected by merely showing that a motion to retax the costs in the criminal action was made and overruled, where no evidence was presented in either action showing the specific costs, if any, which were erroneously taxed.

2. LIEN, *Action to Enforce; Husband as Defendant and Witness.* Where an action is brought to enforce a lien upon real estate for a fine and costs, under said § 18 of the prohibitory act; and the title of the real estate is in the name of the wife, the husband is a proper party defendant; and therefore a joint party with his wife, and hence a competent witness in the action.

3. DEEDS — *Certified Copies in Evidence, When.* Where a civil action is brought by a county attorney in the name of the state, under § 18 of the prohibitory act, to enforce a lien for a fine and costs upon real estate, against the owner of premises, who has knowingly suffered a person to sell liquor thereon in violation of law, and the attorney general does not appear in the case, or have any connection therewith, the county attorney is, for the prosecution and trial of the cause, the sole and only representative of the state; and upon proof that the deeds of the real estate are not in his possession or under his control, certified copies thereof may be read in evidence, with like effect and on the same conditions as the original deeds. (Comp. Laws of 1885, ch. 22, § 27.)

*Error from Lyon District Court.*

ACTION to enforce a lien for a fine and costs for a violation of the prohibitory liquor law. Judgment for *The State,* at the January term, 1886. The defendants, *Louisa R. Pfefferle* and husband, bring the case here. The opinion states the material facts.

*Kellogg & Sedgwick,* for plaintiffs in error.

*Buck & Feighan,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On October 1, 1883, in the district court of Lyon county, Louis Macke was convicted upon one count of an information charging him with the sale of intoxicating liquors in violation of the prohibitory law, and acquitted upon two counts of the information; and upon such conviction he was fined in the sum of $250, and adjudged to pay the same and the entire costs, and to stand committed until all were paid. He was never committed to jail. On February 28, 1886, the state filed a petition in the district court of Lyon county against Louisa R. Pfefferle and her husband, O. Pfefferle, alleging the conviction of Louis Macke, and that the fine and costs had never been paid; and further alleging that the unlawful sale of intoxicating liquors was in a certain building owned by Louisa R. Pfefferle and her husband, and that they had rented the building and had knowingly suffered the same to be used for the unlawful sale of intoxicating liquors; and the state sought to have Macke's fines and costs charged upon the building as a lien. Louisa R. Pfefferle interposed a plea of the statute of limitations in the case, which was sustained by the court below. The state brought the case here, where the judgment of the lower court was reversed, and the case remanded for trial upon its merits. (*The State v. Pfefferle*, 33 Kas. 718.)

This case was tried in the court below at the January term for 1886, and upon the trial it was shown that the lower portion of the building was used for business purposes, the front as a grocery store, and the rear as a saloon; that a lease for the renting of the building had been entered into between O. Pfefferle and Perrier & Weiss, which lease was signed by O. Pfefferle in his own name; that afterward this lease was assigned by Perrier & Weiss to one O'Dowd, who ostensibly conducted the grocery business, and that Louis Macke conducted the liquor business, but whether for himself or as clerk for O'Dowd, or some one else, the record does not disclose; that Louis Macke was the brother of Mrs. Pfefferle, and the

9 — 39 KAS.

brother-in-law of O. Pfefferle, her husband; that the building was a "store," and that Pfefferle and his family lived for a time on the second floor, and that Louis Macke boarded and roomed with them; that the place where the liquor was sold was open, and the smell of liquors was strong about the building; that Mrs. Pfefferle was frequently seen going up and down the stairs, and was about the building; that the family got their groceries in the building; that O. Pfefferle, her husband, was generally in the building, in the grocery and about the saloon, and sometimes behind the bar, and was the bondsman of Macke in liquor prosecutions in the police court; and that numerous parties were passing in and out of the saloon both through the front and back·doors. Judgment was rendered that the state had a lien on the building belonging to Mrs. Pfefferle for the sum of $250 — the fine — and also for the costs, amounting to $146.95. Mrs. Pfefferle complains of the judgment.

I. It is said that the original judgment against Louis Macke was erroneous in that he was adjudged to pay all the costs of the prosecution upon the two counts upon which he was acquitted, as well as the costs upon the count upon which he was convicted. The only evidence that any costs were improperly taxed against Macke was his motion to retax the costs in the case, but nothing was shown in the *Macke case*, nor in this case, as to the amount of costs erroneously taxed; and, therefore, in this collateral way, the judgment against Macke cannot be changed, corrected, or reversed.

II. It is further said that it was error in the trial court to permit the agency of the husband to be proved against the wife by his evidence; and it is also said that the court erred in permitting the husband to testify generally in the case. We have recently decided that an agent may testify as to his authority to act for his principal; and that this rule is not changed by the fact that the agent is the husband of the principal. (Civil Code, § 323; *W. & W. Rld. Co. v. Kuhn*, 38 Kas. 104; same case, 16 Pac. Rep. 75; *French v. Wade*, 35 id. 391.)

The title of the real estate upon which the fine and costs were adjudged a lien was in Mrs. Louisa R. Pfefferle, but O. Pfefferle was her husband; and as it was sought by the action to have the lien foreclosed and the premises sold, the husband was a proper party defendant, and therefore was a joint party with his wife, and hence a competent witness.   Section 323 of the code reads as follows:

"The following persons shall be incompetent to testify:  .  . *Third.* Husband and wife, for or against each other, except concerning transactions in which one acted as the agent of the other, or *when they are joint parties and have a joint interest in the action;* but in no case shall either be permitted to testify concerning any communication made by one to the other during the marriage, whether called while that relation subsisted or afterward." (*Busenbark v. Busenbark*, 33 Kas. 577.)

III. The next alleged error is, that the building in which the liquor was sold was a homestead; and that the lien for fine and costs could not fasten itself or be foreclosed upon a homestead.   We do not think the question is properly in the record. (*The State v. Snyder*, 34 Kas. 425.)   The answer of Louisa R. Pfefferle and O. Pfefferle contained a general denial only.   No claim of homestead was alleged.   No evidence was offered upon the part of the defense tending to show that the premises described in the petition were occupied as a homestead by Louisa R. Pfefferle and family.   It was brought out in the examination of some of the witnesses that the Pfefferles resided over the store in which Macke did business; and that Macke lived in the family; but O. Pfefferle, the husband, testified that he was living over the store "a part of the time, not for all the time."   It also appears from the testimony of one witness, that the Pfefferles moved away from Emporia into the country sometime in 1883 or 1884.   No instruction was asked by either party as to whether the store was occupied by the Pfefferles as a homestead, and no such issue was fairly passed upon by the jury, or the court.

IV. The next error alleged is the manner in which the title of the real estate was proved to be in the name of Mrs. Pfef-

ferle.    It was shown by the county attorney that he did not have the deeds of the real estate in his possession or under his control.    It is suggested that the attorney general of the state is the superior officer of the county attorney; and therefore that it should have been shown that the deeds were not in his possession, or under his control, before the certified copies were properly admissible in evidence.    We think otherwise.    As this action was brought by the county attorney of Lyon county; as the attorney general was not required by the governor or either branch of the legislature to appear therein; and as he did not make any appearance in the case, the county attorney was the sole and only representative of the state. The state had the right, under § 27, chapter 22, Comp. Laws of 1885, to prove the title by the records.    Section 136, art. 10, chapter 25, Comp. Laws of 1885, reads:

"It shall be the duty of the county attorney to appear in the several courts of their respective counties and prosecute or defend, on behalf of the people, all suits, applications or motions, civil or criminal, arising under the laws of this state, in which the state or their county is a party or interested." (See also § 71, ch. 102, Comp. Laws of 1885.)

V. Finally, it is contended that an action will not lie under §18 of the prohibitory act, until Macke has been committed to the jail.    This point is disposed of in *Hardten v. The State,* 32 Kas. 637; and *The State v. Pfefferle,* 33 id. 718.

The judgment of the district court will be affirmed.

All the Justices concurring.