CHARLES SNYDER *et al.* v. THE STATE OF KANSAS.

INTOXICATING LIQUOR—*Illegal Sales*—*Lien for Fines.* The lien created by § 18, ch. 35, Comp. Laws 1885, in favor of the state for the amount of fines and costs adjudged against a person for selling intoxicating liquor contrary to law, on premises leased to the convicted person, and knowingly suffered by the owner thereof to be occupied and used for the unlawful purpose, attaches to the leased premises and operates upon them from the date of the conviction of the tenant, and all conveyances of such leased premises made after the date of conviction, are made subject to such lien.

*Error from Washington District Court.*

ACTION by *The State* against *Snyder* and five others, to enforce a judgment lien against certain premises. Judgment

for the plaintiff, at the June term, 1886. The defendants bring the case here.

A. M. Hallowell, and Birch & Fisher, for plaintiffs in error.

S. H. Hamilton, county attorney, and Chas. Smith, for defendant in error.

Opinion by SIMPSON, C.: At the November term, 1883, of the district court of Washington county, one Geo. E. Ross was convicted, upon a plea of guilty, of the sale of intoxicating liquors in violation of law, in a certain frame building known as the Miller saloon building, situate on lot 26 in block 10 in the city of Washington. He was adjudged to pay a fine of $100 on each of eight counts, and the costs of the prosecution; and the above-described premises were found to be a place where intoxicating liquors were sold in violation of law, and ordered closed as a nuisance. In default of the payment of the fine and costs, Ross was committed to jail. He subsequently paid the costs, and was released from confinement by the order of the board of county commissioners of that county. On the 11th day of December, 1883, the county attorney commenced this action in the name of the state to enforce the lien of said judgment for $800 against said premises. The petition alleges the conviction, judgment, and non-payment of the fine, and asserts that at the time of the rendition of the judgment Charles Snyder was the owner of the lot and building; that he let the same, and knowingly suffered and allowed it to be used for such illegal purpose; that after such judgment, Snyder fraudulently transferred the property to one M. Swobody, who subsequently fraudulently transferred it to Edward Snyder, a minor son of Charles Snyder. Leopoldina Snyder, the wife of Charles Snyder, M. Swobody, and Anna his wife, and Edward Snyder, are joined as parties defendant with Charles Snyder. Charles Snyder filed his separate answer on the 10th of January, 1884, admitting that he was the owner of the property at the time of the rendition of the judgment against Ross, and alleging the transfer of the property to M. Swobody

for the consideration, in part, of the payment of a mortgage lien on the premises, amounting to $677, by Swobody, who by such payment was to have an interest in said premises to the amount of said mortgage lien. He denied the allegations of fraud in the transfer, and claimed that immediately on the receipt of information that said premises were being used for prohibited purposes, he used all diligence to stop the sale of intoxicating liquors therein and get said Ross out of said premises; that the transfer of said premises to Swobody was made long prior to the commencement of this action. M. Swobody filed his separate answer, stating substantially the same facts with reference to the transfer of the property to him as stated in the answer of Charles Snyder, and alleging that it was done in good faith, and denying generally all other allegations of the petition. Edward Snyder, the minor, by his guardian *ad litem*, filed his separate answer, denying generally all the allegations of the petition, except that the property was conveyed to him. Anna Swobody filed her separate answer, denying generally, and claiming whatever interest she may have in said premises by reason of being the wife of M. Swobody. Leopoldina Snyder demurred to the petition, and that being overruled, filed no answer.

The case was tried at the June term, 1886, and resulted in a verdict and judgment for the defendant in error. The jury returned answers to the following special interrogatories submitted by the court:

" 1. Who was the owner of lot 26, in block 10, in the city of Washington, Washington county, Kansas, during the months of September, October, and November, 1883? *Ans.:* Charles Snyder.

" 2. If, in answer to the last question, you say Charles Snyder, then how long did he own said property prior to that time? A. From January 3, 1883.

" 3. Who occupied said lot and the building thereon during the months of September, October, and November, 1883? A. George E. Ross & Co.

" 4. Were said premises used and occupied during the

months of September, October, and November, 1883, for the illegal sale of intoxicating liquors? A. Yes.

"5. Were said premises held and occupied under and by virtue of a lease from Charles Snyder, defendant herein? A. Yes.

"6. Did Charles' Snyder have notice or knowledge of the purpose for which said building was being used during the said months of September, October, and November, 1883? A. Yes.

"7. Did Charles Snyder let or lease the one-story frame building situated on lot 26 in block 10 in the city of Washington, county of Washington and state of Kansas, and knowingly suffer the same to be used and occupied by Geo. E. Ross, during the months of September, October, and November, 1883, for the illegal sale of intoxicating liquors by said Geo. E. Ross? A. Yes.

A motion for a new trial was overruled, and the court rendered judgment on the evidence and special findings of fact returned by the jury, declaring the amount of the fine and interest a first lien on the premises; that all of the defendants be forever barred from setting up or claiming any interest in a title to said premises; and that it be advertised and sold according to law; and that said first lien, with interest and costs of the action, be first paid out of the proceeds of said sale; and that the remainder of the proceeds of said sale be brought into court to await its further order of distribution. These defendants, as plaintiffs in error, bring the case here for review, having filed their motion for a new trial, and saved all necessary exceptions.

I. We are first called upon to dispose of two preliminary questions. The plaintiffs in error have filed a motion to be allowed to complete the record by attaching thereto certified copies of the pleadings in the case, and by attaching thereto a copy of an order made by the trial judge at chambers, extending the time within which the plaintiffs in error could make and serve a case. The defendant in error filed a motion to dismiss the petition in error, because the case was not made and served within the time fixed by law or the order of the trial court, and because it does not contain the pleadings. We

shall dispose of these in their order.   The made case as filed
in this court referred to another case on file here as containing
the pleadings, instead of incorporating them, and we think un-
der the circumstances that this omission can now be supplied
without working injury to the other side; and hence this part
of their motion is granted.   On the other part of their motion
it sufficiently appears that the time within which they were
limited by the original order of the court to make and serve
a case was the 1st day of October following the trial; but
the judge at chambers, on the 21st day of September, made an
order extending the time to and including the 1st day of No-
vember, 1886.   It appears from a recitation of the record that
the case-made was served on the county attorney on the 29th
day of October; that no amendments were suggested, and the
case was duly settled at the November term of court.   We
think this fairly complies with the law regulating the making
and settling of cases for review here, and that part of the mo-
tion is allowed, and such order extending the time attached.
This necessarily determines the motion to dismiss the petition
in error adversely, and we shall proceed to examine and deter-
mine the questions presented, or all such as we may deem im-
portant enough to notice.

II.   The plaintiffs in error contend that there is a misjoinder
of causes of action stated in the petition.   This contention is
based upon the assertion that the action is both one to estab-
lish a lien at law, and to set aside fraudulent conveyances by
the lien debtor.   If this is a correct statement of the object
and prayer of the petition, there is some ground for the con-
tention.   We doubt, however, whether it is a fair statement
of the causes of action.   It is not in fact an action to estab-
lish a lien, because that results either from the contract of the
parties, or by the operation of law.   The statute in express
terms makes the real estate of a person convicted of its viola-
tion subject to a lien for the amount of the fines and costs
adjudged against him; and it is just as emphatic in declaring
them a lien upon the leased premises occupied by the con-
victed person, and used for the purposes of the alleged traffic,

when the owner knowingly suffers them to be used and occupied for the illegal sale of intoxicating liquor. The real estate of the convicted person can be sold to satisfy the fines and costs in the usual manner, but to enforce the lien against the owner of the premises which have been used and occupied in the illegal traffic, some other proceedings are necessary, as the owner was not a party to the original prosecution, but bears the relation of surety to the convicted person for the payment of the fines and costs; and they are declared a lien upon the leased premises, which can be enforced by a civil action. So it must follow that the lien is a statutory one that attaches to the leased premises upon the conviction of the defendant, in conjunction with the other facts enumerated in the section constituting the liability. We have said that the lien attaches to the leased premises at the time the judgment of conviction is rendered against the lessee; this seems to be the meaning of the statute, and is the resulting logic of the reasoning of this court in the case of *The State v. Pefferle,* 33 Kas. 718. In that case the question was, whether the action to enforce the lien was commenced in time, a plea of the statutes of limitation having been interposed to bar the action. The court reckons the time the statute began to run from the date of the judgment of conviction. It was held in this case, when here before, that this provision of the statute is constitutional, and must be given full force and effect. (*The State v. Snyder,* 34 Kas. 425.) So that this judgment of conviction was a first lien on the premises, and any interest that Swobody or Edward Snyder claims or possesses in these premises, by reason of conveyances made to them after the conviction of Ross, are subject to the lien of the state for the fine and costs of that conviction. In this view, all the other errors assigned become immaterial, and need not be considered.

It is recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.