# NORTHERN DEPARTMENT.
## CENTRAL DIVISION.

THE FINANCIAL ASSOCIATION v. THE STATE OF KANSAS

**No. 211.**

1. PROHIBITORY LIQUOR LAW—*non-resident property owner's agent's knowledge of unlawful use of property, is knowledge of principal.* In an action to establish a lien upon real property, under paragraph 2538 of the General Statutes of 1889, knowledge of the unlawful use of the property may be shown by showing that the agent of a non-resident owner had knowledge of such unlawful use, where such agent is in charge of the property, renting and collecting the rents thereof, notwithstanding the direction of the principal to such agent not to rent the property for such unlawful purpose.

2. ———— *not necessary that tenant be kept in confinement to enforce lien under.* In order to authorize the enforcement of such lien in behalf of the State for fine and costs for the violation of the Prohibitory Liquor Law, it is not necessary that the tenant convicted of such offense shall be kept in confinement under sentence of the court until after the establishment of such lien; it is sufficient that he be adjudged to be committed to the jail until fine and costs are paid, and that he be actually and in good faith committed thereto; and a release from such commitment by order of the board of county commissioners, after such action to enforce the lien is begun, will not defeat the State's right to such lien.

Error from Clay District Court. Hon. R. B. Spilman, Judge. Opinion filed June 16, 1897. *Affirmed.*

*J. G. Slonecker*, for plaintiff in error.

*J. P. Otis, F. P. Harkness* and *R. C. Miller*, for the State.

MAHAN, P. J. This was an action in the Clay County District Court to enforce a lien on the real estate of the defendant, plaintiff in error, under the

provisions of paragraph 2538 of the General Statutes of 1889, the same being a part of the Prohibitory Law. There was a trial to a jury ; in fact, it appears from the record and briefs of counsel that there had been three trials to juries and three verdicts for the plaintiff, two of which had been set aside by the trial court. The motion to set aside the last verdict was denied, and the case is here for review.

At the conclusion of the plaintiff's evidence in its case in chief, the defendant filed a demurrer thereto, which was overruled. This order overruling the demurrer to the evidence is the basis of the first assignment of error.

I. The plaintiff contends that the evidence did not show that the plaintiff in error knowingly suffered the premises, against which the State sought to enforce this lien, to be used or occupied for the sale of intoxicating liquors contrary to the law. The defendant, plaintiff in error, is a domestic corporation ; and the knowledge of the fact that the premises were used as a place for the sale of intoxicating liquors was sought to be imputed to it through its agent, Stratton, a resident of Clay Center, in whose charge the premises were, to lease, collect the rents, and look after the property generally, except that he had no authority to make general repairs without first submitting the matter to his principal. The contention is, that the knowledge of an agent will not bind the principal in such case ; that it is necessary to bring home such knowledge to some officer of the corporation. This position is untenable. There is no reason in law why a corporation should be exempt from such rules of law as apply to private citizens ; and, happily for this court, the Supreme Court of this State has twice determined that such

*1. Knowledge of agent sufficient.*

208 FINANCIAL ASSOCIATION v. THE STATE.

N. Dept.       Opinion.    Mahan, P. J.     6 Kan. App.

knowledge is the knowledge of the principal, in cases involving the construction of this statute. See *Hardten v. The State* (32 Kan. 637) and *Koenig v. Adams* (37 id. 52), to the effect that such knowledge may be proved by circumstantial evidence, and that knowledge sufficient to put a prudent man upon inquiry would be equivalent to knowledge of the ultimate fact.

It is also contended that the evidence is not sufficient to sustain the finding of the jury that the agent Stratton had knowledge of the fact, or knowledge of such circumstances as would have put him upon inquiry, which inquiry would have led him to a knowledge of the fact. Upon a careful examination of the evidence in the record, we find that the weight or preponderance of the evidence sustains the verdict of the jury in this respect.

The next contention under this assignment is, that it appeared from the evidence that, at the time of the last trial, the defendant, who had been convicted of the sales of liquor in the premises, had been released from confinement in the jail. The judgment of the court was that he be confined in the county jail until the fines and costs assessed against him should be paid. Mantell, the occupant of the premises, was convicted on four separate counts for unlawful sales of liquor upon the premises under his tenancy. The fines and costs amounted to nearly twelve hundred dollars. He had been released from imprisonment by order of the Board of County Commissioners, under the authority given to it by the statute. But this release was not until after this action against the Financial Association had been begun, and after it had been once or twice tried. So that the cause of action had not only accrued to the State, but had been actually com-

2. Convicted tenant not confined in jail.

FINANCIAL ASSOCIATION v. THE STATE.    209

June 16, 1897.        Opinion.   Mahan, P. J.            C. Div.

menced· and was in progress at the time he was released.

The reasonable construction to be given to that proviso of the statute which says that the person against whom such fine and costs are assessed shall be committed to the jail of the county until such fine and costs are paid, is that there shall be a judgment of commitment, in good faith, and that the judgment shall be put into execution. In order to give the State this right to enforce the fine against the property, it is not necessary that the defendant convicted of the offense shall be kept in jail until such time as there is a recovery from the property owner — a satisfaction of the judgment. This proviso was, in effect, so construed by the Supreme Court in the case of *The State v. Pfefferle* (33 Kan. 718). The court in that case says : "We think  .  .  . that it was the purpose of the legislature in adding the proviso to the section to prevent thereby the person who violates the law from being relieved or discharged from commitment on account of the fine and costs being made a lien upon the real estate of the person knowingly suffering and permitting him to sell liquor thereon in violation of law."

How long must the defendant in such case be imprisoned in order to give the State a cause of action, and the right to enforce the fine and costs against the property? The court further says in that case that the action to enforce the lien may be commenced any time after the judgment. The proviso was sufficiently complied with to authorize the recovery.

II. The second assignment of error is that the trial court erred in the admission of testimony. It is not necessary to go into a critical examination of this question, as there is no merit in it. The facts admitted in evidence were competent, and tended to prove

14—6 KAN. APP.

210    FINANCIAL ASSOCIATION v. THE STATE.

N. Dept.           Opinion.   Mahan, P. J.          6 Kan. App.

the knowledge of Stratton of the fact that liquor was being sold upon the premises in violation of law.

III. The third assignment of error is that the court erred in giving and refusing instructions to the jury. The first contention under this assignment is that the third, fourth, fifth and sixth paragraphs of the instructions of the court were erroneous. This contention is based upon the previous contention that the knowledge of the agent could not be imputed to the principal. The instructions correctly embody the law in relation to such knowledge of the agent binding his principal, and the contention is therefore without merit.

The next contention under this assignment is, that the court erred in refusing to instruct the jury that they must be satisfied, beyond a reasonable doubt, of every fact necessary for the State to recover. This is not a criminal case, but a civil action; it has been so decided by our Supreme Court. A mere preponderance of the evidence is sufficient to authorize a recovery, as in any other civil case.

The next instructions asked by the plaintiff in error and refused were, in effect, that it was necessary to show that some officer of the defendant had knowledge, or, that some officer of the company was a party to a lease made purposely and knowingly in violation of the law; and that the knowledge of a local agent of a non-resident owner of such violation of the law is not knowledge of the owner, unless such agent is the general agent of the owner, without limitation as to authority to rent the property, or unless such owner assented to this lease or use for such purpose or connived at the same. This is not the law applicable to this case. The agent Stratton, so far as the evidence discloses, had authority, with but two

limitations, to lease the property, collect the rent and manage the property generally in the absence of the corporation owner. He was not authorized to lease it for any unlawful purpose. Such a restriction was useless and nugatory. The other limitation was that he was not authorized to make any extensive repairs without first submitting the matters to the officers of the company. But he had authority to lease the property to such person or persons as he saw fit, at such rates as he saw fit, to collect the rents, and to look after the interests of the owner of the property in all respects regarding it; and it was while he was in the discharge of his duty in this respect, which he owed to the principal, that he came into possession of the knowledge of its unlawful use. The instruction was therefore misleading and inapplicable to the case, and was properly refused.

IV. The fourth assignment of error is that the court erred in overruling the motion of the defendant for a new trial. This assignment is predicated upon errors preceding the motion, and, as no errors are pointed out in the record which would require or justify the court in granting a third new trial, this assignment is without merit.

It follows that, there being no error apparent in the record, the defendant having had three trials, three different juries having found against it, and the court having approved the verdict, the judgment ought to be and is affirmed.