THE STATE OF KANSAS V. ANDY SWEIZEWSKI.

No. 14,788.    (85 Pac. 800.)

SYLLABUS BY THE COURT.

CRIMINAL LAW—*Circumstantial Evidence—Sufficiency.*    In a
trial on the charge of a violation of the prohibitory liquor
law, as well as in the trial of any other criminal charge, cir-
cumstantial evidence may be considered by the jury; but, as
in all other criminal cases, before a jury is justified in con-
victing the defendant upon circumstantial evidence alone the
circumstances proved must not only all be consistent with the
theory of the defendant's guilt, but they must be so strong
as to exclude any other reasonable hypothesis.

Appeal from Allen district court; OSCAR FOUST,
judge.   Opinion filed May 12, 1906.   Reversed.

*C. C. Coleman,* attorney-general, and *Burton E. Clif-
ford,* for The State.

*Ewing, Gard & Gard,* and *Hazen & Gaw,* for appel-
lant.

The opinion of the court was delivered by

SMITH, J.:   The appellant was indicted on eight
counts for selling intoxicating liquors in violation of
law, and on one count for maintaining a common nuis-
ance, by a grand jury of Allen county; and, upon being
brought to trial in the district court, the case was
dismissed as to all but three counts for unlawful sales
and the one count for maintaining a nuisance.   On the
trial the jury found the appellant guilty on the three
counts for unlawful sales, and not guilty upon the
charge of maintaining a nuisance.   The appellant filed
a motion for a new trial on the ground that the ver-
dict was not sustained by the evidence, which motion
was denied, and he was sentenced and now appeals
to this court.

The county attorney admits that there was no evi-
dence to show that the appellant by himself, or through
any agent or employee, made the sales upon which he

elected to rely for conviction; and indeed it does not appear from the record that the witnesses who testified to buying intoxicating liquor were even asked on the part of the state from whom they made the purchases. If it be assumed that the witnesses knew from whom they made the purchases, the examination would indicate that there was no real attempt made to convict the appellant. However, it is contended on the part of the state that the evidence did disclose these facts, to wit:

"(1) That this defendant conducted a barber shop on North Washington avenue, in the city of Iola, in a rear room of which liquor was sold; (2) that this defendant was frequently in said back room, as often as two or three times a day; (3) that persons going to and from this said back room would go through this defendant's barber shop."

It is further said the court correctly instructed the jury that if they believed beyond a reasonable doubt that the defendant knowingly and intentionally aided or abetted in the commission of the alleged sales, then they would be warranted in finding him guilty; and that the, facts above recited are sufficient to sustain the verdict of the jury.

These facts are purely circumstantial. Before a jury is justified in finding a defendant in a criminal action guilty upon circumstantial evidence alone the circumstances must be so strong as not only to be consistent with the theory of the defendant's guilt, but they must also exclude every reasonable hypothesis except that of the guilt of the defendant. The facts above relied upon do not exclude every reasonable hypothesis save that of the defendant's guilt, but do suggest that the defendant for numerous reasons may be entirely innocent.

The motion of the appellant for a new trial should have been granted, and the judgment of the court below is reversed, with instructions to grant a new trial.

All the Justices concurring.