THE STATE OF KANSAS V. E. M. DEMOSS.

No. 14,749.    (85 Pac. 937.)

SYLLABUS BY THE COURT.

1. CRIMINAL LAW — *Continuance* — *Absent Witnesses.* An application for a continuance, made by a defendant in a criminal action on the ground of the absence of material witnesses, is properly denied when it merely appears from the affidavit that the absent witnesses have left the state to avoid prosecution for the same offense, and that defendant expects, if delay is granted, to take their depositions and believes they will testify that they are guilty and he is innocent.

2. INTOXICATING LIQUORS—*Nuisance*—*Sufficiency of Evidence.* The evidence examined and held to be sufficient to support a conviction of the offense of keeping and maintaining a nuisance under the prohibitory liquor law.

Appeal from Wilson district court; LEANDER STILL-WELL, judge. Opinion filed June 9, 1906. Affirmed.

*C. C. Coleman,* attorney-general, and *E. D. Mikesell,* assistant attorney-general for Wilson county, for The State; *J. B. Wilson,* of counsel.

*S. S. Kirkpatrick,* and *H. A. Scott,* for appellant.

The opinion of the court was delivered by

PORTER, J.: The information in this case charged Martin Peters, N. C. Binford and the appellant with maintaining a common nuisance in violation of the prohibitory liquor law. Peters and Binford are fugitives from justice, having avoided arrest. From a conviction appellant appeals and assigns several errors, but relies chiefly upon two: The refusal of the court to grant him a continuance, and the denying of the motion for a new trial on the ground that the verdict and judgment are not sustained by the evidence.

The application for a continuance recited that the testimony of Peters, Binford and Emmet M. Demoss, a brother of appellant, was necessary to establish his defense; that he was not the proprietor or owner of, or in any manner connected with, the business; that

his brother had also fled from the state for fear of arrest for assisting in maintaining the same nuisance; and he asked for time to take the depositions of these witnesses. It also appeared from the affidavit for a continuance that appellant had been informed that Peters was located in Glasgow, Mo.; that Binford would probably never return to the state, but was preparing to take up his residence in New York; and that Emmet M. Demoss was arranging to locate in Kansas City, Mo.

Three months had passed since appellant's arrest. No diligence was shown in an effort to procure the testimony of the absent witnesses, except that they were absent from the state and that he had only a few days prior thereto learned where one of them was. No probability was shown that if a continuance were granted the testimony could be obtained, save the statement of his belief to that effect. As a part of appellant's affidavit for a continuance there was attached a written statement of what each of the absent witnesses would swear to in case they could be located and induced to halt for a length of time sufficient to arrange for and take their depositions. From this statement it appeared they would swear that they were associated together and conducted the business at the place mentioned in the information, but that appellant had nothing to do with it. While it is not within our province to weigh the probability of these absent witnesses thus testifying to their own guilt, we think the application was properly denied.

The evidence connecting appellant with the business was circumstantial, but sufficient in our opinion to sustain the verdict of the jury. He unlocked the door and invited customers to come inside. He had the keys to the room and surrendered them to the officers when the place was raided. He claimed to own the cash register and water-filter, and carried them away. When the testimony was taken he designated what kind of liquor was in the particular boxes and bottles.

He tried to employ the assistant attorney-general, Mikesell, to abandon the temperance people and accept a retainer and enter "our employ." He exercised acts of ownership over the place and the stock of liquors, and tried to negotiate with the officers to have everything left as it was pending a settlement of the cases which he endeavored to make. These circumstances were sufficient to overcome the denial of appellant and the force of negative testimony offered in his behalf of several witnesses who never saw him behind the bar or in the act of making a sale. He was charged with keeping and maintaining a nuisance, and proof of actual sales was not necessary. The judgment is affirmed.

All the Justices concurring.