Karcher v. The State.

THOMAS KARCHER *et ux.* v. THE STATE OF KANSAS.

No. 16,162.

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Nuisance—Lien on Premises for Fine and Costs.* Where three persons jointly maintain a common nuisance in violation of the prohibitory law, upon premises owned by two of them, and the other is alone convicted of the offense, a lien for the fine and costs adjudged against him attaches to the premises so entered upon, occupied and used by the three as partners.

2. ——— *Discharge of Lien.* An agreement between the prosecuting attorney and the person so convicted that upon the payment of a sum of money, to be applied, first, upon the costs accrued in another pending criminal prosecution for the unlawful sale of intoxicating liquor, and the remainder to be

applied upon the costs included in the judgment of conviction upon which he had been committed to jail, and that the pending prosecution should be dismissed, although executed, does not discharge the lien for the fine and the costs still remaining unpaid.

3. —— *Same.* The consent of the prosecuting attorney that the prisoner may be released from imprisonment upon such payment being made, given in expectation of a pardon from the governor, which was afterward issued, and in anticipation of favorable action by the county commissioners upon the prisoner's application for release from jail under section 253 of the criminal code, which action was not taken, does not discharge such lien.

Error from Wilson district court; JAMES W. FINLEY, judge. Opinion filed October 9, 1909. Affirmed.

*C. W. Shinn,* for the plaintiffs in error.

*Fred S. Jackson,* attorney-general, *E. D. Mikesell,* assistant attorney-general for Wilson county, and *F. M. Woodard,* county attorney, for The State; *J. B. Wilson,* of counsel.

The opinion of the court was delivered by

BENSON, J.: This is an action to foreclose a lien under the following statutory provisions:

"All fines and costs assessed against any person or persons for any violations of this act shall be a lien upon the real estate of such person or persons until paid; and in case any person or persons shall let or lease any building or premises, and shall knowingly suffer the same to be used and occupied for the sale of intoxicating liquor contrary to the provisions of this act, the premises so leased and occupied shall be subject to a lien for, and may be sold to pay all fines and costs assessed against any such occupant for any violation of this act; and such liens may be enforced by civil action in any court having jurisdiction; provided, that the person against whom such fines and costs are assessed shall be committed to the jail of the county until such fines and costs are paid." (Gen. Stat. 1901, § 2468.)

On June 22, 1905, an information was filed against

Martin Peters, E. M. Demoss and N. C. Binford, charging them with maintaining a common nuisance under another section of the same act. (Gen. Stat. 1901, § 2463.) Demoss alone was arrested and tried for this offense, and he was convicted September 14, 1905. He appealed to this court, where the judgment was affirmed in June, 1906. (*The State v. Demoss,* 74 Kan. 173.) In July, 1906, he was committed to the county jail under the judgment, which provided for an imprisonment of six months; that he pay a fine of $500, and costs taxed at $376.16; and that he be committed to the jail until the fine and costs were paid. At this time another criminal prosecution was pending, charging Demoss in sixty-seven counts with making unlawful sales of intoxicating liquor. A civil action for an injunction was also pending. While so in jail under this commitment, on September 19, 1906, a settlement was proposed to the assistant attorney-general who had charge of these cases, wherein, according to the testimony of that officer and of the attorney for Demoss, it was agreed that the defendant should pay $750, which should be applied, first, to the costs of the pending criminal prosecution and the injunction suit, and any balance remaining should be applied on the costs included in the judgment upon which he was imprisoned. A petition for a pardon was then pending before the governor, against which the assistant attorney-general had remonstrated, and it was agreed that upon these payments being made the pending criminal prosecution, which had been tried three times, should be dismissed and the remonstrance withdrawn. The money was paid over to the clerk, who applied it according to the agreement, paying the costs in the pending actions in full and $40 on the costs included in the judgment of conviction. This left the fine of $500 and over $300 costs upon the judgment unpaid. It was believed that the pardon would be granted upon the withdrawal of the remonstrance, and that the county commissioners,

to whom an application had been made, would discharge the defendant from further imprisonment for failure to pay the fine and costs. The prisoner, who was then in the clerk's office, objected to being taken back to jail, referred to the fact that the pardon would soon be issued, and upon the consent of the assistant attorney-general the sheriff allowed the prisoner to go free.

This action was brought against Peters, Binford and Karcher and wife to foreclose the lien for fine and costs upon the premises upon which the nuisance for which Demoss was convicted was maintained. It was admitted upon the trial that the premises were owned by Peters and Binford from January 1, 1905, until the conveyance to Karcher, which was made October 17, 1905. The evidence in this action showed that Peters, Binford and Demoss jointly maintained a common nuisance on these premises while Peters and Binford were the owners and during the time specified in the information, and that $876.16 remained due at the time of the judgment upon the fine and costs adjudged against Demoss. The court found for the state, foreclosed the lien, and ordered the sale of the property to satisfy it, as provided by law.

The plaintiffs in error, Karcher and wife, allege that the petition does not state facts sufficient to support the judgment because it does not allege that the owners "let or leased the premises and knowingly suffered them to be used and occupied" for the unlawful purpose. The petition charges that the defendants "each and all knowingly let and suffered the said building and premises to be used and occupied for the maintenance of the nuisance for which said defendant E. M. Demoss was convicted and for which said fines and costs were assessed, and at the time said nuisance was so conducted therein each and all well knew of its existence and maintenance." It is therefore sufficient.

It is further argued by the plaintiffs in error that

there was no lease by owners Binford and Peters to Demoss, who was convicted of the crime, and that such a lease is necessary to the lien under the statute, as it provides that the lien shall attach "in case any person or persons shall let or lease any building or premises, and shall knowingly suffer the same to be used and occupied" (Gen. Stat. 1901, § 2468) for the unlawful purpose. In this case three men were jointly engaged in violating the law. Two of them owned the premises. The other was their partner or business associate. His occupancy was by the consent and coöperation of the owners. If they had not been his partners or associates, but had merely consented without a formal lease to his occupancy and use of the premises alone, he would have been a tenant. (1 Wood's Land. & Ten., 2d ed., § 14 *et seq.*) The evidence tends to prove that he was in partnership with the owners, and as the firm entered into, occupied and used the premises with their consent in carrying on its business the implication arises that the individual owners had let or leased the premises to the partnership. (Taylor's Land. & Ten., 9th ed., § 19 *et seq.;* Lindley, Part., 7th ed., p. 366; *Pio Pico v. Cuyas,* 47 Cal. 174.)

In his answer Karcher pleaded an agreement by the assistant attorney-general with the defendant Demoss for the release of the latter from jail for the sum of $1000; that this payment was made to the clerk according to the agreement; that he was then actually discharged from the jail upon the order of the assistant attorney-general; and that the fine and costs were therefore paid and satisfied in full. Defendant Demoss testified to an agreement of this nature, except that the amount was $750 instead of $1000, but, the general findings being for the plaintiff, it will be presumed that the court found that the agreement was as testified to by the other witnesses above referred to. According to their testimony there was no settlement nor attempt to settle the fine and costs in that case. The consent of

the prosecuting officer that Demoss should not be returned to jail, based upon the anticipated pardon of the governor and the favorable action of the county commissioners, was not a legal discharge from imprisonment. While the governor did issue the pardon, as anticipated, it seems that the commissioners took no action in the matter.

The plaintiffs in error further contend that the proviso in the statute quoted above that the person shall be committed to jail until the fine and costs are paid should be construed to mean that the lien does not attach unless the person is so committed. The correct interpretation appears to be that the person shall be committed until the fine and costs are paid, notwithstanding the lien; in other words, that the existence of the lien does not relieve from imprisonment. (*The State v. Pfefferle,* 33 Kan. 718, 720.) We conclude that a lien attached to the premises in question, and that it has not been discharged.

The conveyance to Karcher having been made after the date of the judgment of conviction, the property was subject to the lien. (*Snyder v. The State,* 40 Kan. 543.)

The judgment is affirmed.