No. 19,117.

THE STATE OF KANSAS, *Appellee*, v. CHARLES MORTON,
*Appellant.*

SYLLABUS BY THE COURT.

NUISANCE — *Injunction* — *Conviction for Contempt* — *Insufficient
Evidence.* In order to sustain a conviction for maintaining a
nuisance in violation of an injunction the evidence must fairly
tend to show the defendant's guilt.

Appeal from Leavenworth district court; JAMES H.
WENDORFF, judge. Opinion filed March 7, 1914. Re-
versed.

*Benjamin F. Endres*, of Leavenworth, for the ap-
pellant.

*John S. Dawson*, attorney-general, and *James B.
Kelsey*, county attorney, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant appeals from a judgment
holding him guilty of contempt. In December, 1909,
he was permanently enjoined from maintaining a place
where intoxicating liquors were sold in the building
and places appurtenant thereto situated on certain de-
scribed lots. He was arrested for having violated this
injunction. The testimony showed that when the raid
was made upon the place, which is called a hotel, three
bottles of whisky were found in an old storeroom on
the third floor. On the kitchen stove was found a tin
tub containing about twenty bottles of beer on ice. In
front of the stove was a long table which had "evidently
been intended as a bar." The defendant was standing
in the doorway between this kitchen and the dining-
room and was the only person in that part of the house
at the time. He was not seen behind the table referred
to. It was in August, and he was standing with his
hat and coat on. He denied being in charge of the

place, but was put under arrest. Another man came in while the officers were present and was asked if he was in charge and said "No," and was also placed under arrest, these being the only men found there during the raid. A son of the second man arrested was shown to have paid a government tax as retail liquor dealer on the premises. The defendant testified that at the time he was not in charge of the hotel, nor of the liquors found by the police, and was not then or at any time in the employ of the one holding the tax receipt; that he was rooming at the hotel and was just returning from the yard in the rear of the hotel; that he had nothing to do with the management of the hotel, and had no control over or interest in the liquors that were confiscated. Several of the officers testified that they did not know who had charge of the building. The charge was that the defendant had, from May 1 to August 5, kept and maintained the place as a drinking resort, and had actually sold intoxicating liquors there on July 21. The arrest was made on August 5. It is urged that the evidence failed to show guilt. The prosecution refers to section 4396 of the General Statutes of 1909. That section makes the finding of intoxicating liquors in the possession of one not legally authorized to sell *prima facie* evidence that they are kept for sale or use in violation of law. It also makes the finding in a place fitted up with a bar of a receipt for special revenue tax for a period not then expired *prima facie* evidence that the person to whom such receipt was issued was maintaining a nuisance. Under the statute referred to there was a sufficient *prima facie* showing that the holder of the tax receipt was maintaining a nuisance, but the defendant was not found in actual possession of the beer, in the act of dispensing it or in the exercise of authority over it.

In *The State v. Demoss*, 74 Kan. 173, 85 Pac. 937, the defendant unlocked the door, invited the customers to come inside, had the keys to the room, claimed to

own the register and water filter, knew the kind of liquor in the particular bottles and boxes, exercised ownership, and tried to employ the prosecuting officer and to induce him to accept a retainer in his behalf. But here we have no such evidence of knowledge or authority. The circumstances disclosed are such that a suspicion of guilt might be entertained, but we find no substantial evidence to prove a violation of the injunction. (See, also, *The State v. Sweizewski*, 73 Kan. 733, 85 Pac. 800.)

The judgment is therefore reversed with directions to discharge the defendant.