No. 25,502.

THE STATE OF KANSAS, *Appellee*, v. ROY EVANS, *Appellant*.

SYLLABUS BY THE COURT.

1. INTOXICATING LIQUORS—*Evidence—Weight and Sufficiency.* In an action by the state against the defendant, who was charged with violation of the intoxicating-liquor law, the proceedings considered, and *held,* the evidence was sufficient to support the verdict and judgment.

2. SAME. Various alleged errors considered, and held to be without substantial merit.

Appeal from Edwards district court. ROSCOE H. WILSON, judge. Opinion filed June 6, 1925. Affirmed.

*L. A. Madison,* of Dodge City, *F. L. Slaughter,* and *John A. Etling,* both of Kinsley, for the appellant.

*C. B. Griffith,* attorney-general, *C. A. Burnett,* assistant attorney-general, and *H. F. Thompson,* county attorney, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The defendant was convicted of being a persistent violator of the intoxicating-liquor law, and appeals.

The defendant contends that the court erred in its refusal to grant a new trial because the verdict was contrary to the evidence. There was evidence that one Jim Zimmett operated a garage in Kinsley; that he rented out cars, sometimes acting as driver; that the defendant hired Zimmett to drive him (the defendant) to the home of one Peter Wolf, in Rush county, about sixty miles north of Kinsley. They were at the Wolf place about two hours during the afternoon. On their return, shortly after dark, on the evening of February 2, 1923, when about four miles north of Kinsley, they were intercepted by officers, upon whose approach Zimmett abandoned the car, which he was driving. The officers found the defendant in the car in an intoxicated condition. Two jugs of corn liquor were found in the car. The defendant testified that he went to Ellis

The State v. Evans.

county in Zimmett's car, driven by Zimmett; that while in Ellis county he took a drink of liquor given him by Zimmett; that coming back to Edwards county, he went to sleep; that he was awakened by the sheriff and arrested; that Zimmett was gone.when he was.awakened, and that he was not the owner of the liquor found in Zimmett's car and was not in possession of the same. His testimony was diametrically opposed to that of Zimmett. Zimmett testified that he was acting merely as driver; that he was under the direction and control of the defendant. He (Zimmett) denied ownership, dominion or control of the liquor. Under the circumstances, the disputed question of fact was for the jury. The jury believed the testimony of Zimmett and found against the defendant. This court cannot disturb the finding.

The defendant relies on *The State v. Morton,* 91 Kan. 908, 139 Pac. 409, and *The State v. Metz,* 107 Kan. 593, 193 Pac. 177, to support his contention. They do not do so. In the Morton case it was said:

"In order to sustain a conviction for maintaining a nuisance in violation of an injunction, the evidence must fairly tend to show the defendant's guilt." (Syl.)

In the instant case the evidence was sufficient to support the verdict. In the Metz case the owner and driver of the car claimed that he was the owner of the liquor which was found in the car; that Metz was his guest and did not own or control the liquor.

Other complaints that the court erred in refusing to grant a new trial on the ground that the evidence did not establish that the liquor in question was intoxicating, and that the defendant, by due diligence, was not able to procure additional testimony, are without substantial merit.

The record presents no error which would warrant a reversal. The judgment is affirmed.