No. 36,089

THE STATE OF KANSAS, *Appellee*, v. ERWIN ROBINSON, *Appellant*.

(147 P. 2d 374)

Opinion filed April 3, 1944.

*Hall Smith,* of Topeka, was on the briefs for the appellant.

*A. B. Mitchell,* attorney general, and *Ward Martin,* county attorney, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: In this action the defendant was convicted of having intoxicating liquor in his possession. He appeals.

The information charged him in two counts—one with having liquor in his possession and one with maintaining a nuisance. Immediately following the conclusion of the evidence of the state defendant moved for an order discharging him on the nuisance count. This motion was sustained by the court. The appeal is from the conviction for having liquor in his possession.

The first point argued by the defendant is that the verdict was not sustained by sufficient evidence. For that reason we will take note of the evidence introduced by the state.

The sheriff testified that on the evening in question about 8 o'clock he went to the rear of a used car lot at 626 and 628 Quincy street, in Topeka, Kan.; that there was a one-story building located at 622-624 Quincy street; this building would be immediately north of and

adjacent to 626 and 628; that the south half of that building was occupied by a restaurant and the north half by a barber shop. The sheriff testified that he saw Robinson make three trips from the back door of the restaurant to the back door of the barber shop and on each occasion he came out with a bottle. That he was 50 to 75 feet away when he saw this. Shortly after this he and other officers obtained a search warrant and searched the premises. In the rear of the barber shop they found liquor under the floor. The defendant and another man were arrested shortly after that. At the time these men were arrested the other man told the sheriff the liquor belonged to him. A deputy sheriff, who was watching with the sheriff, testified that he saw defendant hand the bottles to people after he had come out of the back of the barber shop and gone into the restaurant. The defendant's brother operated the restaurant. At the time of the raid they found no liquor in the restaurant. The sheriff testified that a man by the name of Reddick operated the barber shop. The sheriff admitted he did not know it was liquor that the defendant had in his hands when he made the trips between the rear of the barber shop and the restaurant.

The defendant relies on the rule stated by this court many times that in order to sustain a conviction the circumstances must be so strong that they exclude every reasonable hypothesis except that of the guilt of the defendant.

In *State v. Sweizewski,* 73 Kan. 733, 85 Pac. 800, we said:

"The circumstances must be so strong as not only to be consistent with the theory of the defendant's guilt, but they must also exclude every reasonable hypothesis except that of the guilt of the defendant. The facts above relied upon do not exclude every reasonable hypothesis save that of the defendant's guilt, but do suggest that the defendant for numerous reasons may be entirely innocent." (p. 734.)

See, also, *State v. Brizendine,* 114 Kan. 699, 220 Pac. 174; *State v. Hunter,* 50 Kan. 302, 32 Pac. 37; *State v. Murphy,* 145 Kan. 242, 65 P. 2d 342, and *State v. Morton,* 91 Kan. 908, 139 Pac. 409.

Whether the state relied on the liquor that was found in the barber shop when the raid was made as being that of which the defendant had possession or whatever the jury believed was in the bottles when he carried them from the barber shop through the restaurant and handed them to the people on the outside does not appear in this record.

In any event the state had the burden of proving beyond a reasonable doubt that the defendant had the control and right or au-

thority to dispose of the intoxicating liquor and that he must have had the intention to exercise control over it.

As to the liquor that was found in the rear of the barber shop underneath the floor, we find no evidence at all that the defendant did have or exercised such control or right or authority.

As to what he was seen carrying from the rear of the barber shop into the restaurant, the evidence does not exclude every reasonable hypothesis except the fact that it was intoxicating liquor. The burden was upon the state to prove this beyond a reasonable doubt. So if the state depended upon the liquor that was found under the floor there was no evidence that defendant had possession of it and if it depended on whatever it was which he is alleged to have carried from the barber shop through the restaurant there is no evidence that this was intoxicating liquor.

This court has sustained convictions of a violation of the prohibitory law upon very flimsy evidence at times. However, a conviction of violation of criminal statutes may not depend upon mere conjecture. The circumstances must be such that no other reasonable conclusion can be reached.

The judgment of the trial court is reversed with directions to discharge the defendant.

DAWSON, C. J., and HARVEY, J., dissent.