Caton, J. The declaration in this case, shows that the cause of action arose in the county .of Clark, and that the plaintiff was a resident of that county. This, according to the uniform decisions of this Court, authorized the process to be issued to a foreign county. The defendant filed a plea in abatement, averring that the writ was issued to, and served upon him in the county of Coles, and that he was not a resident of that county, to which a demurrer was filed, which was overruled by the ‘Court, and the plea held to be good. This is assigned for error. The statute .provides that “ it •shall not be lawful for any plaintiff to sue a defendant out of the county where the latter resides, or may be found, except in ” certain specified cases, “when process may issue against the defendant, to the county where he resides.” We have no doubt that the legislature intended to use the . word “ resides,” in such a sense as to include the place where the defendant, for the time being, might be, whether that was his permanent place of residence, or not. Were a different construction to prevail, transient persons would be placed on a better footing than permanent residents, which, taking the whole law together, we, think was not the intention of the legislature. The Court having acquired the jurisdiction to issue its process beyond its territorial jurisdiction, the object was to reach the defendant; and if he could only be reached at the place of his permanent residence, the object of the law in conferring the jurisdiction, would often be defeated. We think the demurrer should have been sustained. The case of Haddock v. Waterman, 11 111., 474, we think in point in this case. The judgment is reversed, and the cause remanded. Judgment reversed.