EMMA WALL, Appellee, *vs.* PATRICK ALLEN, Appellant.

*Opinion filed April 21, 1910.*

1. CONSTITUTIONAL LAW—*legislature may prohibit or regulate traffic in intoxicating liquor.* In the exercise of the police power the legislature may enact laws for the purpose of protecting the health, morals and safety of the people, either prohibiting the traffic in intoxicating liquors or licensing it, or permitting it under any conditions which their judgment may approve.

2. SAME—*section 10 of Dram-shop act does not take property of owner of building without due process of law.* Section 10 of the Dram-shop act, in providing that where an owner of a building knowingly leases it for the sale of intoxicating liquors or knowingly permits it to be so used the building may be subjected to the payment of a judgment recovered against the *occupant* of the building under section 9 of said act, does not deprive the owner of the building of property without due process of law.

3. DRAM-SHOPS—*one knowingly leasing building for dram-shop consents that building shall be surety for judgment against occupant.* One who knowingly leases his building for the sale of intoxicating liquors or who knowingly consents to its use for such purposes must be held to have consented that the building shall be surety for the payment of a judgment against the occupant recovered under section 9 of the Dram-shop act, as provided in section 10 of said act.

4. SAME—*owner of a building not entitled to contest facts of case in which judgment was recovered against occupant.* Where a bill in equity to subject a building to the payment of a judgment recovered against the occupant under section 9 of the Dram-shop act sets forth the conditions specified in section 10 of the said act which make the property liable, it is not necessary to allege the truth of the facts giving rise to the cause of action in which the judgment was recovered against the occupant in order to give the owner an opportunity to contest such facts.

5. SAME—*courts cannot add conditions to those specified in section 10 of Dram-shop act.* The conditions under which a building knowingly leased for the sale of intoxicating liquors or knowingly permitted to be so used shall be subjected to the payment of a judgment against the occupant are plainly specified in section 10 of the Dram-shop act, and the courts are not authorized to add to such conditions by requiring the party recovering such judgment to make the same proof against the owner of the building, for the purpose of establishing the lien, that would be necessary in order to recover a personal judgment against such owner.

FARMER, C. J., and COOKE, J., dissenting.

APPEAL from the Circuit Court of Sangamon county; the Hon. OWEN P. THOMPSON, Judge, presiding.

HAMILTON, CATRON & SAMPSON, for appellant.

MONROE & MONROE, and ROBERT H. PATTON, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The circuit court of Sangamon county overruled the demurrer of the appellant, Patrick Allen, to the bill of the appellee, Emma Wall, by which she sought to subject premises owned by appellant and occupied by B. F. Gathard for the sale of intoxicating liquors, to the payment of a judgment recovered against Gathard for injury to her means of support occasioned by the death of her husband in consequence of the selling and giving of intoxicating liquors on said premises. The appellant having elected to stand by

his demurrer, the bill was taken for confessed and a decree was rendered in accordance with its prayer. From that decree an appeal was taken to this court on the ground that the construction of the constitution and the validity of the Dram-shop act are involved. The grounds of the appeal are, first, that the proper construction of section 10 of that act is that the owner of premises leased for the sale of intoxicating liquors has a right, when there is an attempt to subject his property to the payment of a judgment recovered against the lessee, to require proof of the original cause of action and to contest the right of recovery and the amount of damages; and second, if the act authorizes a lien against his property without such proof, it violates the constitutional prohibition against depriving him of his property without due process of law.

The bill alleged that on August 22, 1907, B. F. Gathard was conducting a dram-shop and selling liquors in a building and upon a lot owned by the defendant, described in the bill; that on said day Andrew Wall, the husband of the complainant, was killed in said building; that on December 11, 1907, she began a suit under the Dram-shop act against Gathard to recover damages for injury to her means of support by reason of her said husband having been so killed; that in her declaration she alleged that Gathard sold and gave her husband and one Loveless large quantities of intoxicating liquors which they then and there drank, and by reason and in consequence of their drinking the same became intoxicated, and by reason of such intoxication, and in consequence thereof, the said Loveless struck and killed her husband, by means whereof she was injured in her means of support and deprived of the same and thereby sustained damages; that said intoxicating liquors were sold and given to her husband and Loveless, as aforesaid, in said building; that on December 30, 1908, she recovered a judgment in said suit in the sum of $1000 against Gathard upon the verdict of a jury, a copy of

which judgment was made a part of the bill; that at the time her husband was killed, and for a long time prior thereto, the lot and building were owned by the defendant, and on May 1, 1907, were leased by him for four months to said Gathard, to be used and occupied for the purpose of conducting, keeping and maintaining a dram-shop therein for the sale of intoxicating liquors, and that said defendant knowingly permitted said premises and building to be used and occupied by the said Gathard for the purpose of selling intoxicating liquors therein.

The bill showed that the declaration in the suit against Gathard stated a good cause of action under the Dram-shop act and that a judgment was recovered in said suit, but it did not allege the truth of the facts so averred. The question raised by the demurrer was whether the complainant was obliged, in addition to alleging the nature of the action and the recovery of the judgment, to also allege the existence of the facts which gave rise to the cause of action against Gathard, so that the defendant might contest their truth. The argument is, that it is essential for the complainant to allege and prove that intoxicating liquors were sold or given by Gathard to her husband or Loveless, or both; that such liquors caused, in whole or in part, the intoxication of her husband or Loveless, or both of them; that such intoxication was the proximate cause of the death of her husband; that by reason of such death she was injured in her means of support, and that she had, in fact, suffered damages equal to or exceeding the amount of the judgment.

Section 10 of the Dram-shop act provides that for the payment of any judgment for damages and costs that may be recovered against any person in consequence of the sale of intoxicating liquors under section 9, the real estate and personal property of such person, of every kind, except such as may be exempt from levy and sale upon judgment and execution, shall be liable, and such judgment shall be

a lien upon such real estate until paid; and in case any person shall rent or lease to another any building or premises to be used or occupied, in whole or in part, for the sale of intoxicating liquors, or shall knowingly permit the same to be so used or occupied, such building or premises so used or occupied shall be held liable for and may be sold to pay any such judgment against any person occupying such building or premises, and proceedings may be had to subject the same to the payment of any such judgment, either before or after execution shall issue against the property of the person against whom such judgment shall have been recovered. The State of Iowa has a statute similar, in some respect, to ours, and although the judges were not all agreed, it was held by the Supreme Court of that State that a judgment against the lessee is not evidence of anything except that a judgment was recovered; that it does not establish the amount of the lien or the amount of the damages, although the lien cannot be for a greater amount than the judgment, and that before the property can be subjected to a lien, the property owner is entitled to contest, by a trial by jury, the existence of the facts on which the original cause of action depended and the amount of the damages,—which amounts to saying that the property is not subjected to the payment of the judgment against the dram-shop keeper, but to some other judgment to be recovered in the second action, and that the only effect of the judgment against the lessee is to limit the amount of the lien. (*Loan* v. *Hiney,* 53 Iowa, 89; *Buckham* v. *Grape,* 65 id. 535; *McVey* v. *Manatt,* 80 id. 132.) Our statute will not bear such a construction, for the reason that it definitely fixes the conditions upon which the property may be subjected to the payment of the judgment recovered against the dram-shop keeper, and we are not authorized to add anything to them. The conditions are, that a judgment shall have been recovered against the occupant of the building or premises in consequence of the

sale of intoxicating liquors under the provisions of section 9, and that the owner rented or leased the building or premises to be used or occupied, in whole or in part, for the sale of intoxicating liquors or knowingly permitted the same to be so used or occupied,—and this bill fulfilled the conditions specified in the act. The act does not provide that the premises shall be subjected to the payment of such a judgment or decree as may be recovered against the owner or such damages as may be proved in the proceeding to establish a lien against the property, but it declares that the property shall be subject to the payment of the judgment against the one selling or giving the intoxicating liquor, or any part of such judgment as remains unpaid. The Dram-shop act gives these remedies against one who rents his property to be used for a dram-shop or knowingly permits it to be so used. He may be sued jointly with the dram-shop keeper and subjected to a personal judgment, or he may be sued separately and a personal judgment be recovered against him, or a lien may be enforced against the property to collect the judgment recovered against the dram-shop keeper. If the owner is sued, either with the dram-shop keeper or separately, a judgment would be a lien on all his property not exempt, whether employed in the business of selling intoxicating liquors or not, and, of course, he would have a right to contest the cause of action. But the act also gives the right to enforce a judgment against a lessee upon the property used for the sale of intoxicating liquors, provided the owner has leased it for that purpose or knowingly allowed it to be used therefor. To say that the legislature intended that an injured party should be required to make the same proof for the purpose of establishing a lien against the dram-shop property that he would be required to make in order to recover a personal judgment against the owner, which would be a lien on all his property, would be unjustifiable. The lan-

guage of the act is plain, and if valid it must be enforced according to its terms.

In the exercise of the police power the legislature may enact laws for the purpose of protecting the health, morals and safety of the people, either prohibiting the traffic in intoxicating liquors, or licensing it, or permitting it under any conditions which their judgment may approve. (*Kettering* v. *City of Jacksonville,* 50 Ill. 39; *Jones* v. *People,* 14 id. 196; *Schwuchow* v. *City of Chicago,* 68 id. 444; 23 Cyc. 64; 17 Am. & Eng. Ency. of Law,—2d ed.—206.) In the exercise of that power the legislature, by the Dram-shop act, provided that the premises leased for the sale of intoxicating liquor, or which the owner knowingly permits to be used for that purpose, may be subjected to the lien of any judgment recovered for an injury sustained in consequence of the occupant selling or giving away intoxicating liquors. This was the law when the defendant leased his premises, and he must be held to have consented that the premises should be surety for any such judgment. He had his election to lease his premises for the sale of intoxicating liquors or to devote them to some other use, and to either permit them to be used for that purpose or to prevent such use, and we do not see how it can be said that he is deprived of his property without due process of law when he is permitted to controvert the facts upon which the lien rests. An owner is not co-surety with the signer of the dram-shop keeper's bond, (*Wanack* v. *Michels,* 215 Ill. 87,) but it does not follow that he assumes no liability or that his premises may not be subjected to payment of a judgment against his lessee. He is primarily liable to any party injured if such party chooses to avail himself of that remedy, but he must be held to have known that the law would also subject his premises to a lien for any judgment against the dram-shop keeper, and he may properly be held to have voluntarily subjected them to the liability. The building and premises of the defendant were an inte-

gral and essential part of the dram-shop, necessary to carry-. ing on the business, and there appears to be no reason for saying that the legislature could not subject them to a lien for injuries resulting from the business. In *Bertholf* v. *O'Reilly,* 74 N. Y. 509, it was held that the owner of a building who lets it to be occupied for the sale of intoxicating liquors, assumes the risk of having a lien imposed by a statute enforced by a decree of court in favor of any one who has secured a judgment against the seller for injury to his means of support. He may let or use his premises as a place for the sale of liquors subject to the liability which an act of that kind imposes. The Supreme Court of Kansas has also held that a law subjecting premises leased or occupied for the sale of intoxicating liquor to a lien for fines and costs assessed against the occupant does not contravene any provision of the constitution. (*Hardten* v. *State,* 32 Kan. 637.) The Supreme Court of Ohio has held that the provision of a statute practically identical with our own, (*Streeter* v. *People,* 69 Ill. 595,) authorizing subjecting the property of the owner to the payment of a judgment recovered against his lessee, does not violate the constitution or deprive the lessor of his property without due process of law; that a judgment not obtained by fraud or collusion is conclusive against the owner both as to the sales and to the damages resulting therefrom, and that in a proceeding to subject the property to the judgment it is only necessary to allege the facts which, under the statute, make the premises liable. (*Mullen* v. *Peck,* 49 Ohio St. 447; *Goodman* v. *Hailes,* 59 id. 342.) The bill in this case sets forth all the facts necessary to subject the defendant's property to the payment of the judgment recovered against Gathard, and the court did not err in overruling the demurrer.

The decree is affirmed.

*Decree affirmed.*

FARMER, C. J., and COOKE, J., dissenting.