# Thomas E. Wing, Appellant, v. G. J. Little, Appellee.

1. SERVICE OF PROCESS—*when confers jurisdiction.* Service upon the person of the defendant in a county other than where defendant resides, confers jurisdiction of the person and the only way that the question of jurisdiction can be availed of is by the defendant served appearing and challenging the jurisdiction of the court.

2. JUDGMENTS—*presumption as to jurisdiction to enter.* Every presumption is indulged in favor of the jurisdiction of a court of general jurisdiction and a collateral attack cannot be made upon the judgment of such a court predicated upon the claim that the service was had upon the defendant in a county other than that of his residence.

3. GAMBLING—*power of legislature to enact laws against.* The legislature has authority to pass laws prohibiting gambling and to permit the recovery of money lost at gaming, and for the purpose of preventing gambling, to pass an act subjecting the property in which gambling is permitted to take place to the payment of any loss by reason thereof.

Appeal from the Circuit Court of Sangamon county; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the November term, 1910. Reversed and remanded. Opinion filed October 14, 1911.

MASTERS & MASTERS, for appellant.

SMITH & FRIEDMEYER, for appellee; E. S. SMITH, of counsel.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

Thomas E. Wing, as complainant, filed his bill in the Circuit Court of Sangamon county against G. J. Little, defendant. To the original bill a special demurrer was sustained. Complainant took leave to amend his bill and to the amended bill defendant filed a general demurrer. This demurrer was sustained, complainant elected to stand by his bill, a decree was rendered on the demurrer, dismissing the bill for want of equity,

and against plaintiff for costs, from which decree he prosecutes this appeal.

The bill of complaint as amended alleges that prior to the filing of the bill plaintiff recovered a judgment against one Adams in the Circuit Court of Sangamon county in the sum of $3,000; that the judgment was obtained for losses in games of chance played by plaintiff in a common gaming house kept, occupied and maintained by Adams in the county of Sangamon. The bill further alleges that the declaration filed in the case wherein the judgment was recovered, set forth the playing of the games of chance, the losses therein, and that the gambling house was occupied and maintained by Adams in the city of Springfield, Sangamon county; that summons was issued to the sheriff of Sangamon county and returned by the sheriff showing that defendant Adams was not found in that county; that a summons was then issued to the sheriff of Adams county; that this summons was returned by the sheriff of Adams county showing service upon defendant Adams.    Adams made no appearance in that action but defaulted and a judgment was rendered against him in the sum of $3000.    Execution was issued on that judgment and returned *nulla bona*.    The bill further alleges that the gaming house so conducted and operated by Adams was conducted in the building described in the bill of complaint filed herein, that said building was at the time when said games of chance were alleged to have been played and at the time of the filing of the bill owned by defendant herein, that defendant knew Adams was conducting a gaming house in said building and knowingly permitted him so to do, that by reason thereof the building became liable for the satisfaction of the judgment so recovered against Adams and this bill is filed for the purpose of subjecting that building to the payment of this judgment. The demurrer to the amended bill was a general demurrer and a judgment was rendered thereon dismissing the

bill for want of equity. A general demurrer not being sufficient to reach any defect in form of pleading and the judgment being a bar, it is evident the demurrer was sustained to the substance of the bill and not as to any matter of form therein, and the argument of both counsel proceeds upon that theory in this court. The grounds insisted by appellee in justification of the decree sustaining the demurrer are, first, that the bill does not show a valid judgment against Adams, and that the Circuit Court of Sangamon county did not obtain jurisdiction of defendant Adams by the service of the summons in Adams county by the sheriff of that county. It must be conceded that the Circuit Court of Sangamon county being a court of general jurisdiction, did have jurisdiction of the subject-matter, and while under the Practice Act it is required that no defendant shall be sued in an action at law in any county except in the county where he resides or where he may be found, except under certain conditions which do not arise in this action, it is insisted by defendant herein that not having been found in Sangamon county but served with process in Adams county, the service upon him in Adams county was absolutely void. The provision of the statute which requires defendant shall be sued in the county where he resides or may be found has been held to be a privilege personal to him so frequently that citation of authorities therein is unnecessary, and that in order to take advantage thereof he must appear and set up the facts by proper plea and claim the privilege. It is sufficient, however, upon this contention to say there is no averment in this record that Adams did not reside in Sangamon county, but conceding he was a resident of Adams county, by the service of the summons by the sheriff of that county the Circuit Court of Sangamon county obtained jurisdiction of the person of defendant and the only way that jurisdiction could be defeated was by claiming the privilege of the

statute permitting him to be sued in the county where he resided or was found. Drake v. Drake, 83 Ill. 526; Comrs. Drain. Dist. v. Griffin, 134 Ill. 338; Off v. G. A. & T. Co., 87 Ill. App. 472 (3d Dist.).

In Linton v. Anglin, 12 Ill. 284, it was held that where the cause of action arose in a county where plaintiff resides action may be brought there and summons sent to any county in the state. It is also the law that where the cause of action is local and the declaration alleges that the cause of action is based on a gambling transaction committed in the county where the suit is brought, the venue is properly laid. Gambling being an offense against the laws of the State of Illinois, the venue of the action therein is in the county where the gambling took place and for this reason also the Sangamon Circuit Court had jurisdiction in this action.

The Circuit Court being a court of general jurisdiction and having heard and determined this matter, every presumption must prevail in favor of its jurisdiction and it will be presumed that the court determined that question for itself and by its judgment found that it had jurisdiction of the person of the defendant. The defendant herein cannot be permitted in this action to deny the jurisdiction of that court to render its judgment. Kenney v. Greer, 13 Ill. 432; Wallace v. Cox, 71 Ill. 548.

The defendant being estopped to deny the validity of that judgment, the only defenses that can be made to this bill are that Adams did not conduct a gambling house in defendant's building or that defendant did not knowingly permit such gambling house to be conducted by Adams in his building.

Appellee also insists that the bill does not state the cause of action for the reason that it does not specify and set out in particular the entire transaction and the circumstances under which the money was lost at gaming as alleged in the bill. Upon that contention, it

was unnecessary that the bill should set forth these matters as they were matters which were litigated in the action brought by complainant against Adams in the action at law and it must be presumed that the court which rendered that judgment heard sufficient evidence to authorize the rendition of the judgment and in this action defendant cannot raise those questions. It is immaterial that the bill did not set forth these matters as contended for by appellee, as it was unnecessary to do so.

It has been repeatedly held that under police power the Legislature may enact laws protecting the public health and morals and there can be no question but the Legislature had the authority to pass the acts prohibiting gambling and to permit the recovery of the money lost at gaming, and for the purpose of preventing gambling, to pass the act subjecting the property in which gambling is permitted to take place to the payment of any loss by reason thereof. This act is of the same character as those which have been frequently passed upon by the Supreme Court relating to the subjecting of property to a judgment recovered under the dram-shop act. These two acts are of the same character and in actions under the dram-shop act it has been repeatedly held that in the action to subject the building to the payment of the judgment, matters litigated in the action to recover the judgment cannot be relitigated in the action to subject the property to its payment. Wall v. Allen, 244 Ill. 456.

The bill of complaint herein states a good cause of action and it was error to sustain the demurrer to the bill and for the error in sustaining the demurrer the judgment is reversed and the cause remanded.

*Reversed and remanded.*