DELIA GARRITY, Appellee, *vs.* EMIL EIGER *et al.*
Appellants.

*Opinion filed February 16, 1916.*

1. .DRAM-SHOPS—*section 9 of Dram-shop act construed.* Section 9 of the Dram-shop act makes the owner of the premises personally liable, severally or jointly, with the keeper of the dram-shop for all damages sustained by causing, in whole or in part, the intoxication of any person, and he may be sued alone or with the keeper of the dram-shop; and any judgment recovered against him under such section is a personal judgment, for the payment of which all of his property is subject.

2. SAME—*section 10 of Dram-shop act construed.* The purpose of section 10 of the Dram-shop act is to make the building or premises used or occupied for the sale of intoxicating liquors liable for the payment of any judgment against the person occupying the building or premises, provided the owner has. rented or leased the same to be used or occupied, in whole or in part, for the sale of intoxicating liquors or has knowingly permitted the same to be so used and occupied.

3. SAME—*what is not required to maintain action to subject the building to payment of judgment.* To maintain an action, under section 10 of the Dram-shop act, to subject the building or premises to the payment of a judgment against the keeper of the dram-shop for damages caused by the sale of intoxicating liquor, it is not required that the complainant shall allege and prove the cause of action against the keeper of the dram-shop and the amount of damages sustained, as the judgment, except in case of fraud and collusion, is conclusive of those matters.    (*Wall* v. *Allen*, 244 Ill. 456, adhered to.)

4. SAME—*owner of premises is not entitled to notice of sale of liquor to intoxicated person.* The owner of premises who rents his property or knowingly permits it to. be used for the sale of intoxicating liquor is put on notice by the statute, and is not entitled to any further notice at the time a sale of liquor is made to an intoxicated person or to be informed that such a sale is about to be made.

5. SAME—*question whether sale of liquor was lawful or unlawful is not material.* The question whether a sale of intoxicating liquor was lawful or unlawful is not material and is not a condition to the liability of the owner of the premises to compensate the injured party for the damages resulting from the business of selling intoxicating liquor.

6. Same—*owner of building is a participant in sale of intoxicating liquor.* Under the provisions of the Dram-shop act, where a person leases or knowingly permits his building to be used for the sale of intoxicating liquor, the business, with its natural and ordinary consequences, is carried on with the knowledge, consent and connivance of the owner, and he is a participant in the business of selling intoxicating liquor.

7. Same—*fact that judgment against dram-shop keeper is obtained by default is of no importance.* The fact that a judgment against a dram-shop keeper is obtained by default, if without fraud or collusion, is of no importance, and the validity of the judgment cannot be assailed on that ground when it is sought to subject the building to the payment of the judgment.

8. Same—*section 10 of Dram-shop act does not deprive persons of property without due process of law.* Section 10 of the Dram-shop act, which subjects to the payment of a judgment for damages against the keeper of a dram-shop the building of the person who has leased or knowingly permitted it to be used for the sale of intoxicating liquor, does not deprive such person of his property without due process of law. (*Wall* v. *Allen*, 244 Ill. 456, adhered to.)

9. Same—*what facts may be controverted by owner of building.* In an action under section 10 of the Dram-shop act, the facts which the owner of the building is entitled to controvert are that he has rented or knowingly permitted his building, in whole or in part, to be used for the sale of intoxicating liquor and that a judgment has been recovered against the occupant of the building for damages in consequence of the sale of intoxicating liquor therein.

10. Same—*section 10 of the Dram-shop act was enacted under police power.* Section 10 of the Dram-shop act was enacted under the police power of the State, which extends to every matter involving the protection of the lives, health and property of the citizens and the preservation of good order and public morals, and it is not only within the power but it is the duty of the General Assembly to enact laws for that purpose.

11. Same—*police power was not granted by the States to the Federal government.* The police power was never granted by the States to the Federal government nor surrendered by them, and even in matters within the jurisdiction of Congress the States may still freely exercise the police power.

12. Same—*section 10 of Dram-shop act is not in violation of the fourteenth amendment.* Section 10 of the Dram-shop act is not in violation of the fourteenth amendment of the Federal constitution, as its object is to protect the community and promote

the general welfare, and is not merely an attempt to deprive persons of liberty or property under the guise of a police regulation.

13. SAME—*owner of building makes it a surety for payment of judgment against occupant.* Anyone entering into the business of selling intoxicating liquor or who leases his building for that purpose necessarily accepts and agrees to be bound by the provisions of the Dram-shop act, and if he voluntarily devotes his building to the sale of intoxicating liquor he makes it a surety for the payment of a judgment against the occupant for damages in consequence of the sale of such liquor.

14. SAME—*judgment against dram-shop keeper is res judicata as against owner of building.* Unless obtained by fraud or collusion a judgment against the keeper of a dram-shop for damages in consequence of the sale of intoxicating liquor is conclusive against the owner of the building who, chargeable with a knowledge of the law, has voluntarily devoted it to the sale of such liquor.

15. SURETIES—*effect of obligation of a surety to pay a judgment.* If the obligation of a surety is to pay a judgment recovered against the party for whom he is surety he cannot require proof of the facts on which the judgment rests, and, in the absence of fraud, he is bound and concluded by the judgment against the principal and is not entitled to contest either the breach of the obligation or the amount of damages.

APPEAL from the Circuit Court of Cook county; the Hon. FREDERICK A. SMITH, Judge, presiding.

D'ANCONA & PFLAUM, for appellants.

ODE L. RANKIN, and WILLIAM C. DUNN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, Delia Garrity, filed her bill in the circuit court of Cook county against the appellants, Emil Eiger, Joseph Eiger and Oscar S. Eiger, to subject premises owned by them to the payment of a judgment recovered by her against Clarence Green' for injury to her means of support occasioned by the sale of intoxicating liquors to her husband by said Clarence Green. The defendants demurred to the bill, alleging as special grounds of demurrer that there was no privity between the complainant and them which

272 — 9

enabled her to call upon them for payment of the judgment, and that section 10 of the act to provide for the licensing of and against the evils arising from the sale of intoxicating liquors is unconstitutional and invalid in depriving them of their property without due process of law, in violation of section 2 of article 2 of the constitution and the fourteenth amendment of the constitution of the United States. The demurrer was overruled, and the defendants having elected to stand by it the bill was taken as confessed, and the court having found the facts alleged in the bill, entered a decree for the amount of the judgment with costs of suit, and ordered the premises sold to satisfy the decree, subject to the statutory right of redemption. From that decree this appeal was prosecuted.

In addition to disputing the validity of section 10, counsel for the appellants contend that upon a correct construction of the section no action can be maintained under it unless the complainant alleges and proves the cause of action against the keeper of the dram-shop and the amount of damages sustained, with a right to the owner of the premises to contest the same. The argument is that sections 9 and 10 must be construed together in order to discover the legislative intent, and that when so construed the intent of the General Assembly that the owner of the premises sought to be subjected to the payment of the judgment under section 10 has the same right to contest the cause of action and the amount of damages as if sued under section 9 becomes clearly manifest. Reading section 10 with section 9 clearly shows that there was no such intention, since the purposes of the two sections are essentially different. Section 9 makes the owner of the premises personally liable, severally or jointly, with the keeper of the dram-shop for all damages sustained by causing, in whole or in part, the intoxication of any person, and he may be sued alone or with the keeper of the dram-shop. Any judgment obtained under that section would be a personal judgment against

him, to the payment of which all his property, personal and real, wherever situated, would be subject. Section 10, on the other hand, makes the building or premises used or occupied for the sale of intoxicating liquors liable for the payment of any judgment against the person occupying the building or premises, provided the owner has rented or leased the same to be used or occupied, in whole or in part, for the sale of intoxicating liquors or has knowingly permitted the same to be so used or occupied. Section 10 provides that the premises shall be liable for and may be sold to pay any judgment against the person occupying the premises, and there is no language in either section which would justify an inference that the General Assembly intended anything different. It would be an unwarranted conclusion that the General Assembly, after providing by section 9 for a remedy by suit against the owner in which a personal judgment would be rendered, intended by section 10, in providing for another suit to subject the premises to the payment of a judgment against the dram-shop keeper, that the issues once tried and settled should be again tried in a collateral suit to obtain satisfaction of the judgment.

The same decisions of the Supreme Court of Iowa which were mentioned and commented on in *Wall* v. *Allen,* 244 Ill. 456, and with which this court did not agree for reasons there stated, are again cited, quoted from and relied upon to sustain the argument that the complainant must allege and prove the original cause of action and amount of damages. This court pointed out in that case that such an interpretation of section 10 as would require the aggrieved party to prove the original cause of action and the amount of damages, and that the only effect of section 10 is to limit the amount of the lien, would be to say that the premises are not liable for or subject to the payment of the judgment against the dram-shop keeper but will be liable to some other judgment to be recovered in a second action. If

that were true the judgment against the dram-shop keeper finally and conclusively settling the existence of the cause of action and the amount of damages would go for nothing, and a second jury might either decide that there was no cause of action against the dram-shop keeper, or if there was, that the damages that were suffered were only a fraction of the amount recovered, so that the premises would not be subjected to the lien of the judgment, as the statute declares they shall be.

Counsel also argue that section 9, giving the right to a personal action against the owner, implies a legislative intention that notice of either unlawful sales or unlawful giving away of liquor to an intoxicated person is to be given to the owner of the premises, so that he can save himself from prosecution on account of the unlawful acts of the person selling liquor in his premises. Section 9 contains no such condition and no notice of a particular sale could have been contemplated, since the liability is created for devoting the premises to the sale of intoxicating liquor with its natural consequences, and notice that the consequences had resulted in a particular case would be of no avail to the owner. The question whether a sale causing damage was lawful or unlawful is immaterial, and is not a condition to the liability of the owner to compensate the injured party for the damages resulting from the business. Injury may result from a lawful sale of liquor to a sober person who is not in the habit of becoming intoxicated where it is to be taken away and not to be drunk on the premises, or a sale to a person not intoxicated may cause intoxication and result in injury. The owner is put on notice by the statute, and having rented his property or permitted it to be used for the purpose which he knows may be followed by injury, he is not entitled to any further notice at the time a sale is made or to be informed that it is going to be made. Under the conditions provided by the statute, the business, with its natural and ordinary consequences, is not

carried on without the knowledge, consent or connivance of the owner, but he does participate in the business of selling intoxicating liquor by devoting his premises or permitting them to be devoted to carrying on that business.

In *Wanak* v. *Michels,* 215 Ill. 87, suit was brought and a judgment recovered against the dram-shop keeper and the owner of the building and a second suit was brought upon the dram-shop keeper's bond, and the bill was filed by the surety on the bond for contribution. It was held that the obligation of the owner under section 9 is primary; that under that section he is not in any sense a surety for the occupant of his premises who sells the liquor but is a joint wrongdoer with such occupant, and therefore not a co-surety with the surety on the bond. The court held that the wrongdoing of the owner of the premises who leases them with permission to the occupant to sell intoxicating liquor thereon and with knowledge that such liquor is sold thereon cannot be said not to be intentional, but the owner, under the circumstances mentioned in the statute, must be regarded as committing the tortious act with guilty intent.

If the fact suggested by counsel that the dram-shop keeper is often with meager income and little property and may not care to contest the action against him is true, the inability to recover anything from him furnishes a potent reason for the provision of section 10 that the property where the business is carried on shall be liable for the payment of the judgment in order to accomplish the purpose of the statute declared in its title, to provide against the evils arising from the sale of intoxicating liquors. The fact that judgment is recovered by default, if without fraud or collusion, is of no importance and its validity cannot be assailed on that ground. The owner necessarily knows that a valid judgment may be so obtained, and the law protects him against a judgment obtained by fraud or collusion. (*Wing* v. *Little,* 267 Ill. 20.) The language of section 10 is plain and the legislative intent clearly manifest.

One special ground of demurrer was that section 10 deprives the owner of premises which he has leased for the sale of intoxicating liquor, or knowingly permitted to be devoted to such use, without due process of law, contrary to section 2 of article 2 of the constitution and the fourteenth amendment of the constitution of the United States. The question of the validity of that section was presented and determined in *Wall* v. *Allen, supra,* but it is strenuously contended that the decision was wrong and ought to be overruled. Counsel say that while the court in that case said that the defendant is permitted to controvert the facts upon which the lien rests, the right to controvert them was, in fact, denied. Counsel misunderstand the decision in that case, which was that the owner is not deprived of his property without due process of law when he is permitted to controvert the facts which create the lien. Those facts, as specified in the statute, are, that he shall rent or lease to another his building or premises to be used or occupied, in whole or in part, for the sale of intoxicating liquor or shall knowingly permit the same to be so used or occupied, and that a judgment has been recovered against the person occupying the building or premises for damages in consequence of the sale of intoxicating liquor on his premises. These are the facts, and the only facts, which by the statute render the premises liable for the payment of a judgment, and the owner is permitted to controvert them. If the statute is valid there is no want of due process of law in its enforcement, and the bill in this case averred every one of the facts creating the lien and rendering the premises liable.

The statute was enacted under the police power of the State, which extends to every matter involving the protection of the lives, health and property of the citizens and the preservation of good order and public morals, and it is not only within the power but it is the duty of the General

Assembly to enact laws for that purpose. The police power was never granted by the several States to the Federal government nor surrendered by them, and even in matters within the jurisdiction of Congress the several States may still freely exercise the police power. In the *License cases,* 5 How. 504, Mr. Justice Grier, speaking for the Supreme Court of the United States, said: "It is not necessary, for the sake of justifying the State legislation now under consideration, to array the appalling statistics of misery, pauperism and crime which have their origin in the use or abuse of ardent spirits. The police power, which is exclusively in the States, is alone competent to the correction of this great evil, and all measures of restraint or prohibition necessary to effect this purpose are within the scope of that authority." In the case of *Barbier* v. *Connolly,* 113 U. S. 27, the same court held that neither the fourteenth amendment to the Federal constitution, nor any other amendment, was designed to interfere with the police power of the State to prescribe regulations to promote the health, peace, morals, education and good order of the people; that legislation respecting the liquor traffic does not come within the fourteenth amendment in any case unless it is apparent that its real object is not to protect the community or to promote the general well being but under the guise of police regulation to deprive the owner of his liberty or property without due process of law, and that all property in this country is held under the implied obligation that the owner's use of it shall not be injurious to the community. There is no shadow of ground for saying that section 10 comes within the exception mentioned in that case, and therefore questions concerning the fourteenth amendment may be dismissed from the case. This court considered the relation of the liquor traffic to the police power in *Goddard* v. *Town of Jacksonville,* 15 Ill. 588, and there has never been any question in any court but that any conditions which legislative authority may hedge about the traffic are

legal and valid. Anyone entering into the business or leasing his property for it must necessarily accept and agree to be bound by the provisions of the law designed to mitigate the evils of the traffic or to compensate for the damages done by it. Intoxicating liquor cannot be sold without a place in which the business is conducted, and the owner who furnishes premises necessary to the carrying on of the business is an actual participant in it. If he provides a building or premises for another to conduct a business the usual and ordinary result of which is damage to individuals, he cannot complain that his property is held to compensate the injured party. Having voluntarily devoted his property to a use causing damage and brought it within the conditions prescribed by the statute, he makes it a surety for the payment of any judgment recovered against the occupant of the premises. In deciding that a statute making a judgment for fines and costs for a violation of the liquor law a lien upon the premises where liquor is sold is valid, the Supreme Court of Kansas held that the relation of the owner was that of a surety, and said that the object of the statute was to provide an indemnity to the State for the fines and costs, and that they were not imposed upon the owner but upon the person violating the law, and the owner of the premises was simply made a surety for their payment. (*Hardten* v. *State,* 32 Kan. 637.) In harmony with that decision is the case of *Polk County* v. *Hierb,* 37 Iowa, 361, where it was held that a statute of that nature subjects the property of the owner to forfeiture for his own act and not for that of another; that intoxicating liquor cannot be sold without a place in which the sale is conducted, and if a party knowingly furnishes the place it is for his act that his property is liable to the charge if judgment is rendered against the seller. On the same ground, an act making the premises where intoxicating liquor is sold liable for damages assessed against the person occupying the premises is valid and not repugnant to any constitutional provision.

*Mullen* v. *Peck,* 49 Ohio St. 447; *Goodman* v. *Hailes,* 59 id. 342; *Bertholf* v. *O'Reilly,* 74 N. Y. 509.

The question whether a surety has a right to demand proof of the cause of action against the one for whom he is surety depends entirely upon the nature of the obligation entered into, and if the obligation is to pay a judgment recovered against the party for whom he is surety, he can not require proof of the facts on which the judgment rests. In such a case he is bound and concluded by the judgment against the principal and is not entitled to contest either the breach of the obligation or the amount of damages. The suit against the surety is a collateral action founded on the judgment, and where there has been a judgment it cannot be inquired into except for fraud. (*Ralston* v. *Wood,* 15 Ill. 159; *Housh* v. *People,* 66 id. 178; *Nevitt* v. *Woodburn,* 160 id. 203.) The judgment against the principal in such case is *res judicata,* and cannot be attacked collaterally by the surety unless for fraud or collusion. The statute provides, in the same language as section 10, that proceedings may be had to subject premises used or occupied, in whole or in part, for gambling, to pay any judgment that may be recovered for losses at gaming therein. In *Wing* v. *Little, supra,* the similarity between that act and section 10 was noted, and it was said that both statutes were passed under the general police power and designed to mitigate the evils arising from the subjects with which they deal. It was declared that the lien created by the statute concerning gaming is for the amount of the judgment, and where a judgment has been obtained in an adversary proceeding and without fraud or collusion, all questions are foreclosed in the proceeding to subject the premises to the payment of the judgment except the question whether the owner has knowingly permitted them to be used for specified purposes. It was said that the language of that statute precluded the construction that the premises were to be held liable for whatever might be shown upon the hearing to have been

lost. The language in the two statutes is the same and the same rule must apply, and, as before noted, the question whether the business of selling liquor or a particular sale is lawful or unlawful is of no importance. A judgment obtained by fraud or collusion is not binding upon anyone, but in the absence of fraud or collusion the judgment against the occupant is conclusive against the owner who, chargeable with a knowledge of the law, has voluntarily devoted his premises to the sale of intoxicating liquor.

The decree is affirmed.                    *Decree affirmed.*