(No. 12926.—Decree affirmed.)

MARGARET FLAHERTY *et al.* Defendants in Error, *vs.* ALICE. MURPHY, Plaintiff in Error.

*Opinion filed February 18, 1920—Rehearing denied April 7, 1920.*

1. DRAM-SHOPS—*section 10 of Dram-shop act is not unconstitutional.* Section 10 of the Dram-shop act is not unconstitutional upon the alleged ground that it deprives a defendant to a proceeding thereunder of the right of trial by jury, as the constitutional guaranty does not apply to such proceeding.

2. SAME—*equity has jurisdiction to enforce a lien under section 10 of Dram-shop act.* A court of equity has jurisdiction of a proceeding under section 10 of the Dram-shop act, as the action is for the enforcement of a lien which a court of equity has jurisdiction to decree.

3. SAME—*when husband of owner of premises may testify in a proceeding under section 10 of Dram-shop act.* In a proceeding under section 10 of the Dram-shop act against the owner of premises used for saloon purposes, the husband of the owner, who acted as her agent in the renting of the property, may testify, under section 5 of the Evidence act, concerning the renting and the collection of rent.

4. SAME—*when allegations of bill to enforce a lien under section 10 of Dram-shop act are sufficient.* The allegations of a bill to enforce a lien under section 10 of the Dram-shop act are sufficient where the bill sets out the securing of the judgment against the proprietor of the saloon, the ownership of the property by the defendant, the fact of leasing the premises to said proprietor and the defendant's knowledge of its use for saloon purposes.

5. SAME—*provisions of section 10 of the Dram-shop act are included in title.* The provisions of section 10 of the Dram-shop act are directed against the evils in the sale of intoxicating liquors and are included within the title of the act.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding.

HENRY UTPATEL, JOHN T. MURRAY, and ALWIN W. EHRHARDT, for plaintiff in error.

WILLIAM C. DUNN, and SAMUEL W. NORTON, for defendants in error.

Mr. JUSTICE STONE delivered the opinion of the court:

The plaintiffs filed their bill in chancery in the circuit court of Cook county to subject certain property, commonly known as No. 8500 Summit avenue, in the city of Chicago, to sale to satisfy a judgment for the sum of $3000 and costs recovered against one O'Donnell in an action at law for the sale of intoxicating liquor to Michael Flaherty, husband of defendant in error Margaret Flaherty and father of the minor defendants in error. The bill describes the premises in which the saloon of O'Donnell was conducted, and avers that the building and parcel of land were occupied by O'Donnell and used as a place in which to sell intoxicating liquors from May 1, 1912, to June 13, 1916, as a tenant under a lease from the plaintiff in error, Alice Murphy, who knowingly permitted the building on the premises to be used and occupied by O'Donnell for such purposes during said time; that the intoxicating liquors sold to Michael Flaherty by O'Donnell which constituted the cause of action upon which judgment had been previously rendered were sold in the building upon the premises above described during said time. The bill sets out the proceedings in the suit at law in which the judgment in question was obtained and prays that said judgment and interest thereon, together with the costs, be deemed and declared to be a lien upon the premises, and that the same may be sold, as directed by the court, to satisfy such judgment and costs. Plaintiff in error demurred to the bill, and her demurrer being overruled she filed an answer denying the essential averments of the bill, and averred various matters going to a defense of the suit at law in which the judgment was rendered. By her answer she also denied that the complainants are without remedy in the premises except in a court of equity, and averred that they have an adequate remedy at law, and further averred that the complainants seek to take her property in violation of the constitutions of the United States

and of the State of Illinois. The court, without a jury, heard the evidence in open court and found that all material averments of the bill of complaint are true, and decreed that the judgment for $3000, with interest from the date thereof and costs incurred in said suit, together with the costs in this suit, be a lien on the premises in question and ordered the premises to be sold to pay the same. From this decree plaintiff in error brings the cause to this court by writ of error to the circuit court of Cook county.

It is contended by the plaintiff in error that she was deprived of her constitutional right of trial by jury; that section 10 of the Dram-shop act is unconstitutional; that defendants in error had an adequate remedy at law under section 9 of the Dram-shop act; that the evidence failed to sustain the decree, and that the chancellor erred in the admission of evidence.

Section 10 of the Dram-shop act has been before this court in different cases for consideration and has been held to be constitutional. Most of the questions raised here on assignment of errors touching the constitutionality of this act have been before this court and were passed upon contrary to the contention of plaintiff in error. In the case of *Garrity* v. *Eiger*, 272 Ill. 127, the facts were on all-fours with the case at bar and that decision is controlling here. That case was later reviewed by the Supreme Court of the United States touching the Federal questions involved and was affirmed. *Eiger* v. *Garrity*, 246 U. S. 97.

But it is urged that section 10 deprives plaintiff in error of the right of trial by jury on all questions which she had a right to controvert. That section is silent on the question whether or not the issues to be made up on hearing under that section shall be tried before a jury. A hearing in the plaintiff in error's case was therefore like that of any other case in chancery. Section 5 of article 2 of the constitution of 1870, which provides that "the right of trial by jury as heretofore enjoyed shall remain inviolate," means that

the right to a jury trial shall continue in all cases where such right existed at the time the constitution was adopted. That right cannot be taken away. A jury trial is never a matter of right in chancery proceedings except where by statute it is expressly given. (*Turnes* v. *Brenckle,* 249 Ill. 394.) The action under section 10 of the Dram-shop act is an action *in rem* and the decree entered therein is in no way a personal decree, and while the test whether or not the right to trial by jury exists in a given case depends on the nature of the controversy rather than the form of the action, there was no right of trial by jury on such issue as is raised by section 10, or on one analogous thereto, provided for under the laws of this State prior to the adoption of the constitution of 1870. The chancellor therefore did not err in denying plaintiff in error's demand for a jury.

It is also contended that a court of chancery has no jurisdiction of this cause. As shown by section 10, an action under that section is for the enforcement of a lien. It is well settled that courts of equity have jurisdiction to decree the enforcement of liens.

It is also contended that the court erred in permitting the husband of the plaintiff in error to testify concerning the renting of the property and the collection of rent. The evidence offered by the husband shows that he acted as the agent of the plaintiff in error, and his testimony therefore comes under one of the exceptions of section 5 of the Evidence act.

Certain other errors are assigned on the rulings of the chancellor concerning the admissibility of testimony. We have read the record and are convinced that they are without merit. The testimony of the defendants in error was not controverted, plaintiff in error offering no testimony.

Plaintiff in error also complains of the overruling of her demurrer to the bill herein. The bill set out the securing of the judgment against O'Donnell, the ownership

of the property in question by plaintiff in error, the fact of leasing the same to O'Donnell for saloon purposes, and her knowledge of its use for such purposes. These facts are all that it is necessary to allege to warrant a decree, and the chancellor properly overruled plaintiff in error's demurrer to the bill.

It is also contended by plaintiff in error that the provisions of section 10 are not included in the title of the Dram-shop act, and that for that reason the section is unconstitutional. The act in question is entitled "An act to provide for the licensing of and against the evils arising from the sale of intoxicating liquors." A mere reading of this title shows that section 10 comes within these provisions. Clearly, the remedy provided in that section is a provision against the evils of the sale of intoxicating liquors, and this contention of plaintiff in error is without merit. As was said by this court and the Supreme Court of the United States in the *Garrity case, supra,* it is the owner's privilege to rent his property to a lessee of his own choosing, and when plaintiff in error voluntarily rented her property for saloon purposes she subjected it to the penalties and provisions of the Dram-shop act. This act was passed under the broad police powers of the State for the welfare of the people of the State and is valid.

For the reason that the contentions here involved have been fully discussed in the case of *Garrity* v. *Eiger, supra,* and cases there cited, we do not deem further discussion necessary here.

There is no error in the record, and the decree of the circuit court is affirmed.              *Decree affirmed.*