Mary Osborn et al., Appellants, v. William Leuffgen et al. Frank A. Schmidt, Appellee.

Gen. No. 40,679.

Opinion filed November 27, 1939.

RATHJE, HINCKLEY, BARNARD & KULP, of Chicago, for appellants; FRANCIS E. HINCKLEY, of counsel.

LORD, BISSELL & KADYK, of Chicago, for appellee; RAYMOND WEARING and GORDON R. CLOSE, both of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiffs brought an action against defendants to recover damages under the provisions of section 14 of the Dramshop Act (ch. 43, par. 135, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 68.042]). The complaint al-

leged that William Leuffgen was the owner and keeper of a tavern located in Chicago; that defendant, Peter Gilgenberg, was his employee and acted as bartender; that defendant Lilly E. Weil, was the owner of the premises which were occupied by the tavern, and defendant, Schmidt, "had the full control and management of the said premises and the legal right to rent or lease the same to any person or for any purpose and the right to reject or select tenants for the same and had full charge of said premises as if he were the owner, and had been engaged as an agent to take control of the said premises without the interference of the owner and did on or about the 10th day of February, 1938, execute in his own name, as lessor, describing himself as the agent of Lilly E. Weil, a certain lease" of the premises to defendant William Leuffgen in which to conduct a tavern.

Defendants Leuffgen and Gilgenberg filed their answer, defendants Weil and Schmidt filed their joint and several motion to dismiss the suit as to them, on the ground that it did not state a cause of action, specifying a number of reasons. The court denied the motion as to defendant, Weil, but sustained it as to defendant, Schmidt, and plaintiffs appeal.

It is alleged in the complaint that Hope J. Osborn went to the tavern in question and at the time, there were intoxicated persons in the tavern who had purchased and consumed intoxicating liquors which caused in whole or in part, the intoxication of such persons; that in consequence of such intoxication Hope was assaulted as a direct result of which, two days later, he died. Plaintiffs are the widow and minor children of the deceased.

Section 14, of the Dramshop Act gives plaintiffs a right of action "against any person or persons who shall, by selling or giving alcoholic liquor, have caused the intoxication, in whole or in part, of such person." It also gives them a right of action against "any per-

son owning, renting" or "leasing" premises where alcoholic liquors are to be sold. And counsel for plaintiffs contend that since defendant Schmidt "had the full control and management and the legal right to rent or lease the same to any person . . . and the right to reject or select tenants . . . and had full charge of the premises as if he were the owner and had been engaged as agent to take control of the premises without interference of the owner and executed in his own name as lessor" he came within the meaning of "any person owning, renting" or "leasing" the premises. And they point out that since section 1 of the present Dramshop Act, which was approved January 31, 1934 (ch. 43, par. 94, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 68.001]), provides that the act shall be liberally construed "to the end that the health, safety and welfare of the People of the State of Illinois shall be protected and temperance in the consumption of alcoholic liquors shall be fostered and promoted," and that by adopting this liberal construction of section 14, Schmidt is one of the parties against whom the action may be maintained because he leased the premises to defendant, Leuffgen.

In *Armour & Company v. Industrial Board,* 275 Ill. 328, the court in discussing the rule of construing statutes said, (p. 334): "The rules as to strict or liberal construction are of value only as assisting in finding the real meaning of the statute. They are not considered as important in recent years as formerly, for it has become more and more recognized that 'the paramount duty of the judicial interpreter is to put upon the language of the legislature, honestly and faithfully, its plain and rational meaning and to promote its object.' . . . The intention of the law-makers is the law, to be gathered from the reading of the statute, having in mind all the rules of construction which may apply."

The question for decision then is, What persons fall within the meaning of "any person owning, renting" or "leasing" premises where alcoholic liquors are to be sold? Counsel for plaintiffs concede that the ordinary renting agent would not be one against whom such an action could be maintained. But they say that since it is alleged in the complaint that defendant, Lilly E. Weil, was the owner of the premises, and defendant, Schmidt, had full control and management of them and the legal right to lease them to any person for any purpose, and the right to select tenants, and since it is further alleged that Schmidt had full charge of the premises "as if he were the owner" and could rent the premises without interference of the owner and did execute the lease "in his own name, as lessor, describing himself as the agent of Lilly E. Weil," he falls within the category of the person "leasing" the premises, within the meaning of that word as used in section 14. We are unable to agree with this contention for it is clear that Schmidt had no interest in the premises which he could convey by lease. *Harms v. McCormick,* 132 Ill. 104. The allegations of the complaint are that Lilly E. Weil owned the premises; that Schmidt was her agent and executed the lease in question "as the agent of Lilly E. Weil."

We think Schmidt does not come within the category of the persons mentioned in section 14, against whom such an action might be maintained. *Bell v. Cassem,* 158 Ill. 45; *Castle v. Fogerty,* 19 Ill. App. 442; *Wall v. Allen,* 244 Ill. 456. We think the liability imposed by section 14 is upon property owners who rent, lease or permit their premises to be used for the sale or gift of alcoholic liquors.

The judgment of the circuit court of Cook county is affirmed.

*Judgment affirmed.*

McSurely, P. J., and Matchett, J., concur.