Mary Gibbons, Appellee, v. Jack Cannaven, Defendant. Hugo E. Brandt et al., Appellants.

Gen. No. 42,977.

Heard in the third division of this court for the first district at the February term, 1944. Opinion filed March 5, 1945. Rehearing denied April 10, 1945. Released for publication April 10, 1945.

LORD, BISSELL & KADYK and MARTIN, ULLMANN & BROWN, all of Chicago, for appellants.

JOHN H. GATELY, of Chicago, for appellee.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a dram shop action in which plaintiff Mary Gibbons had verdict and judgment December 1, 1942 for $12,000 against Cannaven. He has not appealed. Hugo and Ruth Brandt and Mary Allgeyer, referred

to herein as petitioners, owners of the property in which the tavern was operated, were not parties to the action but were granted leave to appeal after 90 days (Chap. 110, Par. 200 [Jones Ill. Stats. Ann. 104.076]) by this court. Plaintiff's motion, made here, to dismiss the appeal, was taken with the case.

Plaintiff sued under Section 14 of Article 6 of the Dram Shop Act (Chap. 43, Par. 135, Ill. Rev. Stats. [Jones Ill. Stats. Ann. 68.042]) to recover a personal judgment against Cannaven only. Having recovered the judgment, she sued under Section 15, Article 6 of the Act (par. 136 [68.043]), in the Circuit Court of Cook County in an equitable proceeding to enforce the lien of the judgment against the premises in which the tavern was operated. That proceeding was removed to the United States District Court for the Northern District of Illinois, Eastern Division on motion of petitioners', nonresidents of Illinois, and is now pending in that court.

Sections 14 and 15 of the present Dram Shop Act are substantially the same as sections 9 and 10, respectively, of the previous Act. Under section 14, plaintiff had the alternatives of suing Cannaven only or of suing petitioners only, or of suing Cannaven and petitioners jointly. (*Wall v. Allen,* 244 Ill. 456.) Having chosen to sue Cannaven only for damages and having recovered judgment against him, plaintiff had the right to sue petitioners under section 15 of the Act to enforce the lien of that judgment against the premises owned by them and leased to Cannaven. (*Wall v. Allen; Garrity v. Eiger,* 272 Ill. 127.) This latter right presents the peculiarity of section 15 which renders the premises of petitioners used as a tavern by Cannaven liable for plaintiff's judgment against him even though petitioners were not parties to the suit under section 14. Petitioners' claims to an appealable interest and to the right to complain of errors in the trial of plaintiff's suit under section 14, arise

out of this peculiar right granted by section 15. They say they have an appealable interest, although not parties, because they are injured by the judgment; and that the ordinary rule that errors not objected to at the trial are waived, does not apply to bar our consideration of the errors assigned by them since they had no opportunity to object, no notice of the trial and no chance to intervene. They seek to have the judgment against Cannaven reversed in this court because of alleged errors in instructing the jury, and prejudicial argument by plaintiff's counsel which they say misled and confused the jury on the question of the amount of damages. Plaintiff's motion to dismiss is vital to this decision.

██ Our Supreme Court in *Wall v. Allen,* and *Garrity v. Eiger,* and the United States Supreme Court in affirming the *Eiger case,* 246 U. S. 97, decided that, because of the evils inherent in the alcoholic liquor traffic, section 10 (section 15) was a proper exercise of police power and did not amount to taking property without due process of law. It is true that in those cases the appeals were from decrees under section 10 (section 15) and not from judgments under section 9 (section 14). The instant issue appears to be novel in this State. In the proceeding to enforce the lien of her judgment against Cannaven, plaintiff is required to prove only that petitioners leased the premises for, or knowingly permitted therein, the sale of alcoholic liquor; and that a judgment has been recovered against Cannaven, their lessee, in consequence of the sale of alcoholic liquor on the premises. *Wall v. Allen; Garrity v. Eiger.* By subjecting the premises to use for sale of alcoholic liquor, petitioners made the premises surety for the payment of judgment against Cannaven, but that cannot require proof of the facts which rendered Cannaven liable, and in the absence of a showing that it was

obtained by fraud and collusion, petitioners are concluded by the judgment. *Garrity v. Eiger*, 272 Ill. 127.

Section 14 plainly gave Mary Gibbons the choice of suing Cannaven alone. She was not required to sue petitioners. Had they sought to intervene, the trial court would have erred in giving them leave to do so, because to do so would be to vitiate plaintiff's choice and to frustrate the clear intention of the legislature. Having had no right to intervene in the trial court, petitioners had no right to object to any errors committed in the trial of plaintiff's suit against Cannaven. Since petitioners had no right to intervene or to object in the trial court, they were not entitled to an opportunity to object. There is no question, therefore, of a waiver of their right to object. These considerations are sufficient to distinguish cases cited by petitioners not involving the kind of action nor circumstances like those presented here.

Had plaintiff sued and recovered against petitioners under section 14 all of their property, not exempt, would be subject to payment of the judgments against them, and she would not be limited under section 15 to the tavern premises. Had petitioners been made parties in the damage suit under section 14, plaintiff would have had to prove in addition to the elements necessary to her case against Cannaven, that petitioners leased their premises to Cannaven for, or knowingly permitted therein, the sale of alcoholic liquor which contributed to the intoxication. Before plaintiff can enforce the lien of her judgment against petitioners' premises under section 15, she must make that proof. Petitioners argue that the defense to plaintiff's damage suit was indifferent. This charge and its graver implication are matters which may be offered as evidence tending to show that there was fraud or collusion in the obtaining of the judgment. It may be that plaintiff's suit to enforce the lien, may fail. If it fails

petitioners are not injured. They contend that they have been injured already, since the lien of the judgment against Cannaven is already a cloud upon their title to the premises affecting the value and marketability. We believe that the legislature must be considered to have foreseen this probability, for the courts have charged a property owner under these circumstances with knowledge of the possible consequences which he may suffer as a result of his part in the alcoholic liquor business. *Wall v. Allen; Garrity v. Eiger.*

We are of the opinion that petitioners have no appealable interest in the judgment sought to be reversed, and they have no right to attack plaintiff's judgment in this proceeding. The motion to dismiss the appeal is allowed and the appeal is accordingly, dismissed.

*Appeal dismissed.*

BURKE, P. J., and LUPE, J., concur.