## EIGER ET AL. v. GARRITY.

### ERROR TO THE SUPREME COURT OF THE STATE OF ILLINOIS.

No. 143. Argued January 22, 23, 1918.—Decided March 4, 1918.

A state statute giving a wife a right of action against any person who injures her means of support by selling intoxicating liquor to her husband, does not violate the due process clause of the Fourteenth Amendment by providing further that the judgment for damages so recovered shall be a lien upon the premises where the liquor was sold, as against an owner who leased, or knowingly permitted the use of, such premises for the sale of intoxicating liquor.

Dram Shop Act, Illinois Rev. Stats., c. 43, § 10, upheld as involved in
this case.

Such a statute has the effect of making the tenant the agent of the
landlord for its purposes; and the landlord is not denied due process
by taking the judgment against the tenant, (in the absence of collu-
sion or fraud,) as conclusive upon the amount of the damages suf-
fered and the right to recover them, if, in the proceeding to enforce
the lien, the landlord be allowed due opportunity to controvert the
rendition of such judgment and the making of the lease authorizing
sale of intoxicating liquor, or, if such be the issue, his knowledge of
such use of the premises.

272 Illinois, 127, affirmed.

THE case is stated in the opinion.

Mr. Abraham J. Pflaum, with whom Mr. Edward N.
D'Ancona was on the brief, for plaintiffs in error.

Mr. Ode L. Rankin for defendant in error.

MR. JUSTICE DAY delivered the opinion of the court.

This suit was brought by Delia Garrity to subject
premises in Chicago owned by plaintiffs in error to the
payment of a judgment obtained by her against Clarence
Green by reason of injury sustained to her means of sup-
port through sales of intoxicating liquors to her husband
by Green, who was a tenant of the plaintiffs in error occu-
pying and using their premises for the sale of such liquors.

In her complaint she sets forth that she was the wife
of one William J. Garrity; that Clarence Green on June
18, 1912, and for one year prior thereto was the owner of
and did conduct what is commonly known as a saloon or
dram shop, and during such period of time sold intoxicat-
ing liquors in such shop in a certain building at 134 North
Dearborn Street, Chicago, standing upon certain premises
described in the bill; that on June 18, 1912, she began a
suit in the Circuit Court of Cook County, Illinois, against

said Green, under the provisions of statutes of the State
of Illinois known as the Dram Shop Act, to recover dam-
ages for injury to her means of support, and alleged in the
declaration in said suit that she was the wife of William
J. Garrity on and prior to June 18, 1912; that said Green
sold and gave intoxicating liquors to her husband, which
liquor in whole or in part caused the said Garrity to
become habitually intoxicated, and alleged injury to
her means of support resulting therefrom in the sum of
$10,000; that summons was duly served on said Green,
that he failed to appear, and on September 26, 1912, an
order of default was entered against him, and thereupon
the case came for trial before the judge and jury for the
assessment of damages; that on October 2, 1914, the court
and jury having heard the testimony, the jury returned
a verdict finding said Green guilty, assessed the plaintiff's
damages in the sum of $1,500, and judgment was rendered
accordingly. The bill then alleges leasehold ownership
of the land and ownership of the building in the plaintiffs
in error, and that for a year or more prior to the filing of
the suit in the Circuit Court of Cook County said Green
occupied the building on the premises for the purpose of
the sale of intoxicating liquors as tenant of the plaintiffs
in error, who leased said building and premises to, and
knowingly permitted said building and premises to be oc-
cupied by, said Green for the sale of intoxicating liquors
for the period of a year or more prior to the filing of the
suit in the Circuit Court of Cook County; that the liquors
sold or given to Garrity on said premises were the sales
or gifts which resulted in the verdict and judgment afore-
said; and such sales or gifts were made or given while the
said Green occupied the said building as tenant of the
plaintiffs in error, and with their knowledge and consent,
for the purpose of keeping a dram shop, and the complain-
ant seeks to have the building and premises charged with
a lien for the payment of the judgment and costs, and

prays that in default of the payment of the judgment, interest and costs, that said building and the premises described in the bill be sold to satisfy the judgment.

A demurrer to the bill was overruled and the court made a decree in substance finding the allegations in the bill to be true, and adjudged that in default of the payment of the judgment, with interest, the said building, leasehold and premises of the plaintiffs in error should be subjected to sale for the payment thereof. Upon appeal the Supreme Court of Illinois affirmed the decree, holding, among other things, that the statute did not deprive the plaintiffs in error of their property without due process of law contrary to the Fourteenth Amendment of the Constitution of the United States, 272 Illinois, 127. The decree was rendered under § 10, c. 43, of the Revised Statutes of that State, which provides:

"For the payment of any judgment for damages and costs that may be recovered against any person in consequence of the sale of intoxicating liquors under the preceding section, the real estate and personal property of such person, of every kind, except such as may be exempt from levy and sale upon judgment and execution, shall be liable; and such judgment shall be a lien upon such real estate until paid; and in case any person shall rent or lease to another any building or premises to be used or occupied, in whole or in part, for the sale of intoxicating liquors, or shall knowingly permit the same to be so used or occupied, such building or premises so used or occupied shall be held liable for and may be sold to pay any such judgment against any person occupying such building or premises. Proceedings may be had to subject the same to the payment of any such judgment recovered, which remains unpaid, or any part thereof, either before or after execution shall issue against the property of the person against whom such judgment shall have been recovered; and when execution shall issue against the property so

leased or rented, the officer shall proceed to satisfy said execution out of the building or premises so leased or occupied, as aforesaid: *Provided,* that if such building or premises belong to a minor or other person under guardianship, the guardian or conservator of such person, and his real and personal property, shall be held liable instead of such ward, and his property shall be subject to all the provisions of this section relating to the collection of said judgment."

Construing this section with the preceding section (9) (printed in the margin [1]), the Supreme Court of Illinois held that the purpose of § 10 was to make the building or premises used for the sale of intoxicating liquors liable for the payment of a judgment rendered against the occupant of the premises wherein the liquor was sold, provided the

---

[1] Section 9: "Every husband, wife, child, parent, guardian, employer or other person, who shall be injured in person or property, or means of support, by an intoxicated person, or in consequence of the intoxication, habitual or otherwise, of any person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving intoxicating liquors, have caused the intoxication, in whole or in part, of such person or persons; and any person owning, renting, leasing or permitting the occupation of any building or premises, and having knowledge that intoxicating liquors are to be sold therein, or who having leased the same for other purposes, shall knowingly permit therein the sale of any intoxicating liquors that have caused, in whole or in part, the intoxication of any person, shall be liable, severally or jointly, with the person or persons selling or giving intoxicating liquors aforesaid, for all damages sustained, and for exemplary damages; and a married woman shall have the same right to bring suits and to control the same and the amount recovered, as a *feme sole;* and all damages recovered by a minor under this act shall be paid either to such minor, or to his or her parent, guardian or next friend, as the court shall direct; and the unlawful sale, or giving away, of intoxicating liquors, shall work a forfeiture of all rights of the lessee or tenant, under any lease or contract of rent upon the premises where such unlawful sale or giving away shall take place; and all suits for damages under this act may be by any appropriate action in any of the courts of this state having competent jurisdiction."

owner had rented the same to be used or occupied for the sale of intoxicating liquors, or knowingly permitted the same to be so used and occupied. The court held that the judgment against the tenant, in the absence of fraud or collusion, was conclusive in the action under § 10 to subject the building and premises to its payment, except that the owner of the building is entitled to controvert the allegations that he had knowingly rented or knowingly permitted his building to be used for the sale of intoxicating liquor, and that a judgment had been recovered against the occupant for damages arising from the sale of liquor therein. The question in this court is whether the act, as thus construed, deprives the plaintiffs in error of their property without due process of law.

The right of the States to pass laws for the regulation of the traffic in intoxicating liquors, and to legislate with a view to repress the evil consequences which may result therefrom, has been frequently affirmed in this court. *Crane* v. *Campbell*, 245 U. S. 304. In the opinion in that case the former cases in this court sustaining the authority of the State to deal with the evils resulting from the sale and use of intoxicating liquor are cited, and we need not review them now.

Under this broad power over the liquor traffic, and the right to pass legislation to prevent its evils, the State of Illinois has made the premises of an owner in that State subject to a lien for damages recovered by a wife for injury to her means of support against one who has furnished the husband intoxicating liquor which was sold upon the premises sought to be charged, when the owner had rented the same for the purpose of the sale of intoxicating liquor, or had knowingly permitted such sales upon his premises.

The owner of such building has no absolute right to rent his property for any and all purposes. The use of property may be regulated under the police power of the

State in the public interest in such manner as to safe-
guard the health and welfare of the community.   Cer-
tainly there is no right, beyond the reach of legislative
control, to rent premises for the sale of intoxicating liq-
uor.   The State may consistently with due process of law
prohibit the rental of premises for such purposes.   In
this instance it has undertaken to regulate the right to
rent property for the sale of intoxicating liquors by mak-
ing the premises so used subject to a lien for a judgment
for damages because of the deprivation of the means of
support of the wife resulting from the intoxication of the
husband upon whom she depends for support.   Obviously,
the State may pass laws to meet this as well as other evil
consequences likely to follow from the traffic.   See *Mar-
vin* v. *Trout*, 199 U. S. 212, 224, 225.

The stress of the argument for plaintiffs in error is laid
upon the want of notice to the landlord and the lack of
opportunity to be heard as to the right of recovery and
the amount thereof, before his property can be subjected
to the lien of such judgment.   But the effect of this stat-
ute is to make the landlord responsible only when he
rents his property for the use and sale of intoxicants, or
knowingly permits its use for that purpose.   The statute
has the effect of making the tenant the agent of the land-
lord for its purposes, and through this agency, volun-
tarily assumed, the landlord becomes a participant in the
sales of intoxicants and is responsible for the consequences
resulting from them.

It was the owner's privilege to rent the property to a
lessee of his own choosing, and to safeguard himself by
the amount of the rent reserved, or otherwise, for the
possible damages resulting from the traffic in intoxicants
which the landlord has agreed may be carried on in his
premises.   The property is not summarily taken, the
owner may be heard to deny the rendition of the judg-
ment against the tenant, the making of the lease author-

izing the sale of intoxicating liquor, or, if his knowledge of such use be the issue, he may be heard upon that question. *Mullen* v. *Peck*, 49 Ohio St. 447; *Bertholf* v. *O'Reilly*, 74 N. Y. 509.

In view of the broad authority of the States over the liquor traffic, and the established right to prohibit or regulate the sale of intoxicating liquors, we are unable to discover that there has been a deprivation of property rights in the legislation in question in violation of due process of law secured by the Fourteenth Amendment.

*Judgment affirmed.*