[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Both the plaintiff and defendants have moved to reargue the court's decision on the defendants' motion to dismiss [22 CONN. L. RPTR. 652]. The defendants request the court to grant their motion. The plaintiff requests that the court continue to deny the motion but change its ruling regarding a stay of the action until the resolution of the case in the tribal court.
The court does agree with the defendants that the Drumm
case was not brought against the tribe itself but against various tribal officials, and therefore, the issue of the doctrine of tribal immunity was not addressed in that case. Drumm v. Brown,245 Conn. 657 (1998). However, in this case, the defendants are a tribal official, Robert A. Zito, the liquor permittee of the Foxwoods Resort Pequot Towers (Foxwoods), the Mashantucket Pequot Tribe and the Mashantucket Pequot Gaming Enterprise. The defendant calls all defendants collectively as the "tribal defendants." The plaintiff does not attempt to distinguish between the three defendants as to their immunity from suit based upon the doctrine of tribal sovereign immunity from suit. The court finds that Zito is not the "tribe" nor is the Mashantucket Gaming Enterprise a "tribe." Therefore, the court's denial of the motion to dismiss this case against those two defendants is not changed. The motion to dismiss is denied.
With respect to the defendant Mashantucket Pequot Tribe (Tribe), the court has carefully reviewed the briefs of the parties as now narrowly focused upon the issue of tribal immunity from suit as a jurisdictional impediment as to the tribe itself CT Page 13121 in the area of the state dram shop claim and other counts based upon actions in violation of Connecticut's liquor laws.
The tribe directs the court's attention to the case ofHolguin v. Ysleta Del Sur Pueblo, 954 S.W.2d 843 (Tex.Ct.App. 1997). In that case, the plaintiff's decedent allegedly became intoxicated at a tribal casino located on the reservation and brought suit against the named defendant, a federally recognized Indian tribe. The complaint states that she was served liquor at the casino after she was intoxicated, and as a result, she was in an auto accident and killed. She sued the tribe claiming negligence, gross negligence, premises liability and liability under the Texas Dram Shop Act. The court held that tribal immunity serves to bar a suit by a private person who became intoxicated at a tribal casino and was subsequently killed in an off-reservation automobile collision. Holguin, supra. The defendant argues that the Texas state court concluded that even though 18 U.S.C. § 1161 and Rice v. Rehner, 463 U.S. 713
(1983), the state had regulatory authority in the area of sale and distribution of alcohol tribal immunity protected the tribe from private suits for personal injuries resulting from noncompliance with the act. In short, a private citizen cannot bring an action against the tribe pursuant to either common law theories of liability or the dram shop act.
In response, the plaintiff argues that this court should decline to follow Holguin because (1) Public Law 280 does not insulate the tribe from civil causes of action; and (2) the U.S. Supreme Court has held that civil regulatory authority over an Indian tribe is far more intrusive than a private lawsuit, therefore, because tribes are subject to sweeping regulatory control within the area of retail liquor distribution the more modest intrusion of state jurisdiction over a private cause of action arising from the sale of alcohol is authorized.
He also asserts that the court in Holguin pointed out that the grant of civil jurisdiction found in Public Law 83-280 is found in 25 U.S.C. § 1322. This law allows Texas and Connecticut to examine civil jurisdiction over causes of action arising in "Indian Country." The court held that Public Law 280 created civil and criminal jurisdiction for the resolution of private disputes between Indians and between Indians and non-Indians but not to create jurisdiction over the tribes themselves. He further argues that because the tribe enjoys no sovereign immunity in the area of alcohol sales, Connecticut is CT Page 13122 authorized to regulate the retail sale of alcohol by the tribe itself, therefore, the more modest exercise of jurisdiction over a private cause of action is also permitted.
In the case of Rice v. Rehner, supra, the court held that sovereign immunity cannot prevent state governments from enforcing their alcohol laws on Indian reservations. Id. 851. The court held that "because of a lack of a tradition of [tribal] self-government in the area of liquor regulation, it is not necessary that Congress indicate expressly that the state has jurisdiction to regulate the licensing and distribution of alcohol. Id. 731. Finally, the plaintiff claims his complaint falls squarely within Connecticut's authority to regulate the sale of alcohol by tribal defendants.
Suits brought against Indian tribes pursuant to the terms of Public Law 280 are barred by tribal immunity absent a legislative pronouncement to the contrary. Holguin, supra, 847. In fact, the case holds that no court in the United States has ever held that a federally-recognized Indian tribe's immunity was waived so as to create liability in a personal injury lawsuit brought by a private plaintiff. However, none of the cases cited deal with alcohol. The Holguin court directly addressed the issue as to whether damages resulting from illegal distribution of alcohol fits within the waiver of tribal immunity established for the state regulation of alcohol. The court further noted, quotingRice that 18 U.S.C. § 1161, coupled with the absence of tribal interest in alcohol regulations and strong state interest in alcohol regulation, preempted Indian tribes from asserting an interest in alcohol. Holguin, Id. 848. Again quoting Rice, the Holguin court observed that liquor regulation is seen as the first area of regulation that was removed from tribal sovereignty. Indeed, "[t]here can be no doubt that Congress has divested the Indians of any inherent power to regulate in this area." Rice at 724. "A state's regulatory interest will be particularly substantial if the state can point to off reservation effects that necessitate state intervention." Rice
at 724.
In Rice, the U.S. Supreme Court determined that no explicit waiver of immunity was necessary for specific instances of state alcohol laws to conclude that Congress had allowed for state regulation of the use and distribution of alcohol. With respect to alcohol policy, the Supreme Court has concluded that "Indian tribes" are preempted from asserting a regulatory interest. Rice
CT Page 13123 at 726, as quoted in Holguin at 850.
The Supreme Court held in Eiger v. Garrity, 246 U.S. 97
(1918), that a dram shop statute that permitted a person injured by an intoxicated person had the right to sue the dram shop owner was a law passed under the legitimate police power of the state to regulate traffic in intoxicating liquors and to prevent their evil consequences. Eiger at 102-103. Thus, Rice holds that the regulation of alcohol on Indian reservations by state governments constitutes a legitimate exercise of police power for which tribal immunity has been waived. In Eiger, the court categorized a state's creation of a private cause of action against a dram shop owner as a legitimate exercise of the police power to regulate alcohol. Holguin, at 853.
". . . We hold that a statutory dram shop law that confers standing upon private individuals to sue for damages caused by violation of the state's alcoholic beverage code falls within the exercise of the state's police power. As such, a dram shop law falls within the waiver of tribal immunity created by Congress and the federal courts for the regulation of alcohol by the states," at 854. The court then went on to say that tribal sovereign immunity is not waived for a private suit under the Texas Dram Shop Act.
This court is not bound by the decision of the Court of Appeals of Texas. Although it may be guided by the reasoning of other state courts, it is not required to follow them. This court finds that based upon the reasoning in the cases cited, public policy consists of exercising the police power of the state for the protection of the safety of the people of this state. The court finds that the state may take the extraordinary measure of revoking the tribe's license to sell alcohol and deprive it of all revenue from its sales, but under Holguin, the more modest measure of allowing a private cause of action is prohibited by tribal immunity.
This court holds that the statutes and cases reviewed above call for the right of a private citizen to bring an action against the tribe itself in the area of liquor distribution, as in this case. The court finds that tribal immunity is not a bar to a cause of action arising from the sale of alcohol at the casino. Accordingly, the court still denies the motion to dismiss the case against the tribe itself. CT Page 13124
The court also confirms its prior ruling that the proceedings must be stayed as required by the Drumm case until there is a resolution of the case in the tribal court. In response to the plaintiffs's argument that the issue of inadequate remedies for personal injuries should be decided at this time, the court disagrees. There has been no finding of damages as yet in the tribal court. There could be a defendant's verdict in that court, in which case the issue of damages would be moot. The court, therefore, will continue to order a stay on this issue.
D. Michael Hurley Judge Trial Referee